Milton LeCOMPTE, Plaintiff-Appellant,

v.

MR. CHIP, INC., et al.,
Defendants-Appellees.

No. 75–2743
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 15, 1976.

See also, 5 Cir., 528 F.2d 605.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

R. M. Sharpe, Jr., Houston, Tex., Bill Sanders, Beaumont, Tex., for plaintiff-appellant.

Jack L. Allbritton, H. Lee Lewis, Jr., Houston, Tex., for defendants-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff on this appeal argues that the district court imposed unreasonable conditions upon a voluntary dismissal without prejudice entered pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants counter that the terms attached by the district court to the dismissal without prejudice were not unreasonable and were within the court's discretion, and in any event, they assert the order is not appealable. Finding the order of dismissal to be properly appealable, we vacate and remand for further consideration by the district court in light of this opinion.

Milton LeCompte, a seaman, brought suit under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained while working aboard the trawler, MR. CHIP. Because the plaintiff could not be located as the time of trial approached, his attorney filed a motion for a voluntary dismissal without prejudice, pursuant to F.R.Civ.P. 41(a)(2). The trial court granted the motion but appended several conditions to the dismissal at the behest of defendants: (1) that any subsequent suit must be filed in the same court; (2) that plaintiff must show extraordinary circumstances to justify reopening the case; and (3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants. Plaintiff's motion to amend or reform the order of dismissal was denied. He now appeals.

I.

Defendants challenge the right of the plaintiff to appeal the granting of his F.R.Civ.P. 41(a)(2) motion. That rule provides, in pertinent part:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's

instance save upon order of the court and upon such terms and conditions as the court deems proper.   . . .   Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

"Where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment, of course, qualifies as a final judgment for purposes of appeal.    Ordinarily, though, plaintiff cannot appeal therefrom, since it does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned."    5 Moore's Federal Practice ¶ 41.05[3], at 1068 (2d ed. 1975), citing Scholl v. Felmont Oil Corp., 327 F.2d 697, 700–701 (6th Cir. 1964); accord, 9 Wright & Miller, Federal Practice & Procedure: Civil § 2376, at 247 (1971). This can easily be understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits.    The effect of this type of dismissal is to put the plaintiff in a legal position as if he had never brought the first suit.    Maryland Casualty Co. v. Latham, 41 F.2d 312, 313 (5th Cir. 1930); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959).

█    This, of course, is not the situation where a dismissal with prejudice has been granted.    There the dismissal actually goes to the merits of the case and is considered a final appealable order so that the plaintiff may appeal therefrom. See Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).    Plaintiff contends that the district court's order in this case basically amounted to a dismissal with prejudice and is properly appealable under these general principles of law.

█    Although the district court's order in this case is labeled a "dismissal without prejudice," at least with respect to determining appealability, we do not believe the order had that effect.    As recently noted in Carr v. Grace, 516 F.2d 502, 503 n. 1 (5th Cir. 1975), "[t]he appealability of an order depends on its effect rather than its language."

█    The conditions imposed by the district court are not the type usually found in Rule 41(a)(2) dismissals.    See 9 Wright & Miller, Federal Practice & Procedure:   Civil § 2366, at 178–182 (1971).    Most cases under the Rule have involved conditions that require payment of costs and attorney's fees.    See, e. g., American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963); see also 5 Moore's Federal Practice ¶ 41.06, at 1081–1083 (2d ed. 1975); Annot., 21 A.L. R.2d 627, 633–637 (1952), and cases cited therein.    The trial judge is not limited to conditions of payment of costs, expenses and fees.    The dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to the defendant.    See, e. g.; Eaddy v. Little, 234 F.Supp. 377 (E.D.S.C.1964) (dismissal conditioned on plaintiff's production of certain documents); Goldlawr, Inc. v. Shubert, 32 F.R.D. 467 (S.D.N.Y. 1963) (dismissal without prejudice conditioned on plaintiff covenanting not to sue defendants, where a dismissal with prejudice might have adversely affected plaintiff's related litigation); Stevenson v. United States, 197 F.Supp. 355 (M.D. Tenn.1961) (dismissal conditioned on plaintiff's making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bringing in other witnesses).

█    In one sense, any requirement imposed upon a plaintiff as a condition for allowing him a voluntary dismissal amounts to some degree of prejudice to his action, as a practical matter.    Our research indicates, however, that generally the conditions imposed do not create prejudice in a legal sense to the bringing of another suit.    Rather, the usual conditions attached to a voluntary dismissal involve prejudice only in a practical sense (e. g., paying costs or expenses, producing documents, producing witnesses).    The imposition of this type condition does not amount to the type of "legal prejudice" which would entitle a plaintiff to appeal the grant of the dismissal he obtains.

The requirements imposed by the district court in this case are different. Here plaintiff is severely circumscribed in his freedom to bring a later suit. Before doing so he must come before the same court and affirmatively demonstrate that the case should be reopened and that he possesses a valid cause of action. Although plaintiff is not totally precluded from bringing a second suit, he must, nevertheless, prove his case preliminarily to the district court before being allowed the right to relitigate. This requirement, unlike those normally imposed with a Rule 41(a)(2) dismissal, involves prejudice in a legal sense. It becomes uncertain, as a matter of future court decision, whether he will be allowed to bring the second suit. We view this "legal prejudice" which goes to the heart of plaintiff's legal cause of action as entitling plaintiff to appeal the conditional dismissal of his action.

Defendants argue that plaintiff cannot appeal the terms attached by the district court to a dismissal which he initiated and in which he acquiesced. Although it is certainly true that plaintiff prompted the issuance of the order of dismissal by the district court, under the circumstances of this case, he cannot be deemed to have acquiesced in or accepted the terms of the order actually entered. Prior to the entry of the order, plaintiff filed with the court a document entitled "Plaintiff's Reply to Defendants' Objection to Plaintiff's Order of Dismissal Without Prejudice," in which he objected to the inclusion in the order of the conditions suggested by the defendants. When the district court issued its order of dismissal, which included the contested conditions, plaintiff vigorously renewed his objections to the inclusion of the conditions as a part of his voluntary dismissal by a "Motion to Amend and/or Reform Order of Dismissal Without Prejudice." When that effort failed, he brought this appeal. The fact that plaintiff has never, in so many words, sought to have the dismissal set aside is not dispositive. The record clearly indicates he has consistently expressed his desire to be relieved from the burdens of the order and has never actually acquiesced in or accepted the terms of the dismissal.

## II.

The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court without prejudice to future litigation. Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal. 9 Wright & Miller, *Federal Practice & Procedure: Civil*, § 2364, at 165 (1971).

The plaintiff's right to a voluntary dismissal without prejudice is not absolute. Rather, dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court, and its order is reviewable only for abuse of discretion. *Diamond v. United States*, 267 F.2d 23 (5th Cir.), *cert. denied*, 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75 (1959).

When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. 9 Wright & Miller, *Federal Practice & Procedure: Civil*, §§ 2362, 2364, at 149, 165 (1971). Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm. *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974), *quoting Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967), recited the law to be applied in this Circuit:

> [We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second lawsuit.* It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. (Emphasis in original).

It seems, therefore, that in ruling on motions for voluntary dismissals, the dis-

trict court should impose only those conditions which will alleviate the harm caused to the defendant.

In the present case, there is no indication from the judge's order of dismissal as to why he imposed the conditions he did. Neither do the objections filed by the defendants to the proposed dismissal without prejudice, from which the judge took the conditions imposed in the order, indicate how defendants would be prejudiced by an unconditional dismissal. Thus, there is nothing in the order or in the record from which we can ascertain whether the court properly exercised its discretion in imposing conditions on the dismissal.

We, therefore, remand to the district judge for reconsideration in light of this opinion. On remand, the judge may hold a hearing, if needed, to better determine what interests are at stake and to fashion only such conditions as are necessary to protect the legitimate interest of defendants. *See Diamond v. United States*, 267 F.2d 23 (5th Cir.), *cert. denied*, 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75 (1959).

Vacated and remanded.