364 So.2d 1201 (1979)
Harold L. BEVILL et al.
v.
Brinton A. OWEN.
77-467.
Supreme Court of Alabama.
January 5, 1979.
Thomas H. Brown of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, for appellant, Harold L. Bevill.
Karl C. Harrison of Harrison, Conwill & Harrison, Columbiana, and Bert P. Taylor of McDaniel, Hall, Parsons & Conerly, Birmingham, for appellee.
Jones, Justice.
This case is appealed from a voluntary dismissal pursuant to ARCP 41(a). On January 8, 1978, Brinton A. Owen, Appellee, filed a complaint in the Circuit Court of Shelby County against Harold L. Bevill, Appellant. Owen and Bevill were former accounting partners, doing business under the name "Owen, Bevill and Company."
In his complaint, Owen sought dissolution of the partnership, and an accounting. Additionally, Owen alleged that Bevill continued to enter the partnership premises, thereby causing Owen irreparable harm. Owen sought injunctive relief to restrain Bevill from entering the premises, "alienating or damaging" the partnership assets or "alienating or damaging" Owen's goodwill. Simultaneously with the serving of the complaint, Owen sought discovery of Bevill by way of interrogatories and a Request to *1202 Produce Documents. Discovery was responded to within the requisite time period.
On February 3, Bevill served Owen with an extensive set of interrogatories and a Request for Production of Documents. On February 7, Bevill served Owen with a Motion to Transfer the case to Jefferson County, the County of Bevill's residence. The motion was supported by Bevill's affidavit stating that he was and had been a Jefferson County resident continuously since 1971, and that the allegations supporting Owen's claim for injunctive relief were absolutely false and frivolous, and a sham attempt to establish venue in Shelby County. The hearing on the Motion to Transfer was continued at Owen's request.
On February 23, Bevill filed a Motion for Summary Judgment on the count seeking injunctive relief. This motion was based on Bevill's affidavit. The motion adopted the earlier Motion to Transfer and supporting affidavit.
Thereafter, on March 9, 1978, the following occurred:
1) Owen filed a Motion to Dismiss the case without prejudice.
2) This motion was served on Bevill's counsel by being placed in the mail on March 9. (The motion was received by Bevill's counsel on March 10.)
3) On the same day as the filing of the motion, the trial Court entered its order dismissing the case. There was no prior notice to Bevill and there was no hearing on the motion. Additionally, there were no conditions of the dismissal nor provisions for the payment of costs.
4) At the same time, the trial Court noted on Bevill's Motion for Summary Judgment that it was "mooted" by Owen's dismissal of the suit.
Thereafter, on April 14, Bevill filed his Notice of Appeal. Bevill asserts that the trial Court either failed to exercise its discretion or abused its discretion in granting Owen's Motion to Dismiss. Bevill argues: Although he had complied with Owen's discovery; had sought discovery himself; had made a Motion for Summary Judgment on the injunction count; and had sought a transfer on the remaining count, the trial Court granted Owen's Motion to Dismiss without 1) the receipt of prior notice by Bevill; 2) the opportunity for an adversary hearing, and 3) setting forth any terms or conditions for the dismissal.
ARCP 41(a)(1) provides two methods by which a case may be voluntarily dismissed without an order of court. The first method is voluntary dismissal by the plaintiff. This requires the filing of a "notice of dismissal" by the plaintiff, before service by the adverse party of an Answer or Motion for Summary Judgment, whichever occurs first. Here, Bevill had filed a Motion for Summary Judgment on the count seeking injunctive relief. The second method of dismissal without order of court is by stipulation. It is plain that neither method of dismissal without order of court is applicable in this case. Therefore, we must look to the provisions of ARCP 41(a)(2) to determine the validity of the trial Court's order dismissing this lawsuit.
Rule 41(a)(2) provides for voluntary dismissal, by order of court, as follows:
"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
Dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court. Garner v. Missouri-Pacific Lines, 409 F.2d 6 (6th Cir. 1969); Diamond v. United States, 267 F.2d 23 (5th Cir. 1959), cert. den. 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75; *1203 United States v. Lyman, 125 F.2d 67 (1st Cir. 1942). A defendant is not entitled to reversal unless he can show that the trial court failed to exercise or abused its discretion, or exercised an unpermitted discretion. American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963); Homeowners Loan Corp. v. Huffman, 134 F.2d 314 (8th Cir. 1943). The discretion given the court by Rule 41(a)(2) is a judicial, rather than an arbitrary, discretion. Alamance Industries, Inc. v. Filenis, 291 F.2d 142 (1st Cir. 1961), cert. den. 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33; International Shoe Co. v. Cool, 154 F.2d 778 (8th Cir. 1943).
As we indicate below, the case law generally requires that notice should be given under Rule 41(a)(2). The Rule itself, however, does not explicitly require notice or a hearing; therefore, the dismissal was proper on its face.
It is a fundamental rule of appellate procedure that, regardless of merits of appellant's contentions, appellate courts will not review questions not decided by the trial court. McWhorter v. Clark, 342 So.2d 903 (Ala.1977). The Supreme Court cannot put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it. Defore v. Bourjois, Inc., 268 Ala. 228, 105 So.2d 846 (1958). This Rule especially applies in a situation where, as here, an abuse of discretion is alleged. In the present case, Bevill has failed to properly preserve any error the trial Court may have committed in the discretionary function required under ARCP 41(a)(2). Bevill appeals from the dismissal order itself, without ever having made a motion to alter, vacate, set aside or reconsider the trial Court's order.
In J. Moore, 5 Moore's Federal Practice, at ¶ 41.05[3], it is stated:
"If the defendant has resisted plaintiff's motion to dismiss without prejudice, the defendant can, of course, appeal from the dismissal . . .."
This statement implies that, at some point in the proceeding, the defendant must present to the trial court its objections in order that the trial court can consider and rule upon these matters. Admittedly, Bevill was precluded from registering any objection initially because of the lack of notice and opportunity to be heard. Nonetheless, under these circumstances, the action of the trial judge is not reviewable absent a posttrial motion, affording the trial judge an opportunity to rule on the movants' objection to the order of dismissal.
Bevill cites the case of Diamond v. United States, supra. There, it was held that, because terms and conditions can be imposed under a Rule 41(a)(2) dismissal, and, because the Court's discretion must be exercised in granting or denying the motion, notice of the motion must be served on the defendant and a hearing should be held to determine whether to grant the dismissal without prejudice and, if so, upon what terms and conditions.
In Diamond, however, the aggrieved defendant, immediately after dismissal, filed a motion with the trial Court to modify the order of dismissal so that it would be with prejudice. It was only after giving the trial Court ample opportunity to consider any error in abusing its discretion that the defendant appealed from the order of dismissal.
In LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976), another decision cited by Bevill, the district court, upon a voluntary dismissal without prejudice, imposed the condition that plaintiff, before being allowed to relitigate, would be required to prove his case preliminarily to the district court. The plaintiff appealed and the Court of Appeals remanded the case for reconsideration because they were unable to ascertain from the record whether the district court properly exercised its discretion. In LeCompte, it was stated:
"Defendants argue that plaintiff cannot appeal the terms attached by the district court to a dismissal which he initiated and in which he acquiesced. Although it is certainly true that plaintiff *1204 prompted the issuance of the order of dismissal by the district court, under the circumstances of this case, he cannot be deemed to have acquiesced in or accepted the terms of the order actually entered. Prior to the entry of the order, plaintiff filed with the court a document entitled `Plaintiff's Reply to Defendants' Objection to Plaintiff's Order of Dismissal Without Prejudice,' in which he objected to the inclusion in the order of the conditions suggested by the defendants. When the district court issued its order of dismissal, which included the contested conditions, plaintiff vigorously renewed his objections to the inclusion of the conditions as a part of his voluntary dismissal by a `Motion to Amend and/or Reform Order of Dismissal Without Prejudice.' When that effort failed, he brought this appeal. The fact that plaintiff has never, in so many words, sought to have the dismissal set aside is not dispositive. The record clearly indicates he has consistently expressed his desire to be relieved from the burdens of the order and has never actually acquiesced in or accepted the terms of the dismissal."
As shown by both Diamond and LeCompte, somewhere in the proceedings, the complaining party must point out to the trial court that they are dissatisfied with its order; otherwise, there is no reviewable error presented for this Court's consideration.
The Committee Comments to ARCP 41 provide:
"A dismissal, whether voluntary or involuntary, may be set aside by the court, like any other judgment, on proper motion under Rule 60(b). A rehearing may be requested under Rule 59(a)(2) and amendments to the court's findings may be pursued under Rule 52(b)."
Our rules clearly provide an adequate procedure to review a Rule 41 dismissal; however, the requisite steps for objecting and placing the trial court in error, if any error exists, must be taken in order for this Court to review the proceedings below. The proper steps were not taken here and, therefore, we must affirm.
AFFIRMED.
BEATTY, J., concurs.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur specially.
MADDOX, Justice (concurring specially).
The opinion has interpreted Rule 41, ARCP, to permit a trial judge to dismiss an action such as this without notice. I would prefer to require notice before granting dismissal. The federal cases seem to go both ways.
The better procedure would seem to suggest that before a trial judge dismisses a case such as here, he should give the other parties notice, and, if necessary, hold a hearing in order to insure substantial justice between the parties. I recommend that Rule 41, ARCP, be amended to require notice and hearing.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.