Jorge A. GUTIERREZ, Liquidating Agent for Rio Grande Savings and Loan Association, et al., Plaintiffs,

v.

CHAMPION SAVINGS ASSOCIATION, et al., Defendants.

Jorge A. GUTIERREZ, Liquidating Agent for Rio Grande Savings and Loan Association, et al., Plaintiffs,

v.

FDIC, as Manager of the F.S.L.I.C. Resolution Fund, as Receiver for Champion Savings Association, et al., Defendants.

Civ. A. Nos. B-88-64, B-88-135, B-88-136 and B-88-137.

United States District Court, S.D. Texas, Brownsville Division.

Nov. 7, 1989.

Reynaldo G. Garza, Jr., Garza & Garza, Brownsville, Tex., (Robert J. Hearson, Jr.,

of counsel) Graves, Dougherty, Hearon & Moody, Austin, Tex., for plaintiffs.

Peter M. Alter, Houston, Tex., for intervenor.

R.K. Whittington, Atty. in Charge, Stapleton, Whittington, Curtis & Huddleston, Harlingen, Tex., for Clyde L. Fincher, W.H. O'Donnell, Joe G. Sanders, Charles P. Fincher, Ronald B. Kilgore and Fincher Invst. Co.

E.R. Fleuriet, Fleuriet, Schell & Franz, Harlingen, Tex., for other defendants.

## MEMORANDUM OPINION

KAZEN, District Judge.

Pending before the Court are motions in the above four cases. On October 5, 1989, the Court heard arguments by the parties on these motions.

Civil Action B–88–64 was originally filed in federal court. The complaint alleged federal and state claims against the various Defendants. A virtually identical case, except without the federal claims, was originally filed in state court but was subsequently removed by FDIC, Receiver for Champion Savings Association.[1] The removed case became Civil Action B–88–135. Civil Actions B–88–136 and 137 were two temporary injunctions granted in the state court proceedings, which were on appeal at the time of removal. Plaintiffs now move to dismiss the original federal case, B–88–64. The proposed dismissal would be with prejudice as to all federal claims. It would be without prejudice as to any administrative claims which might be available against Champion through FDIC and also without prejudice as to those state laws claims already pending between the parties in B–88–135.

 The only serious objection to this motion is that of Defendants Connelly, George, and Newman, who invoke Rule 41(a)(2), Fed.R.Civ.P. They contend that because they have previously filed a counterclaim, and the dismissal would defeat federal jurisdiction over that counterclaim, the Court must deny the motion to dismiss. While this argument has a surface appeal under the literal wording of Rule 41, the Court concludes that it is without merit. The cited provision of Rule 41(a)(2) must be read in the context of the entire rule. Immediately after the provision that an action shall not be dismissed over defendant's objection unless the counterclaim can remain pending for adjudication, this statement appears:

"Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

As explained by the Fifth Circuit in *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir.1976):

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court *without prejudice to future litigation....* The plaintiff's right to a voluntary dismissal *without prejudice* is not absolute.... When considering a dismissal *without prejudice*, the court should keep in mind the interests of the defendant, for it is his position which should be protected."

528 F.2d at 604 (emphasis added).

In proper context, the clear meaning of Rule 41(a)(2) is that a plaintiff should not be allowed to dismiss a case without prejudice if it would have the effect of involuntarily terminating a counterclaim. In the instant case, however, Plaintiffs are proposing to dismiss their federal claims with prejudice. A dismissal with prejudice is essentially a complete adjudication of the issues presented and is a bar to any further

---

1. The Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as Receiver for Champion Savings Association. All assets and liabilities held by FSLIC were transferred to the FSLIC Resolution Fund by operation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989. Pursuant to the Act, FDIC as Manager of the FSLIC Resolution Fund became FSLIC's successor in pending litigation. Thus, FDIC as Manager of the FSLIC Resolution Fund has replaced FSLIC–Receiver as Defendant in this action.

actions between the parties on those issues. It is tantamount to judgment on the merits. It is inconceivable that Rule 41(a)(2) could mean that a plaintiff could not dismiss a cause of action with prejudice, regardless of a pending counterclaim. It would defy common sense to require a plaintiff to maintain a cause of action which he is willing to permanently abandon. Granted, Plaintiffs seek to dismiss their state claims without prejudice, but this is because those same state claims are already pending in B–88–135. Moreover the same counterclaim asserted by Connelly, et al in B–88–64 is also pending in B–88–135. Under the peculiar circumstances of these cases, therefore, dismissing the state claims in B–88–64 would be theoretically indistinguishable from retaining them on the docket but consolidating them with the identical claims in B–88–135. For the foregoing reasons, the Court shall GRANT the Plaintiffs' motion to dismiss in B–88–64.[2]

Some motions in Civil Actions 135, 136 and 137 are unopposed. The Court shall grant the motion to dismiss all claims against Mortgage Investment Company of El Paso with prejudice, the motion to intervene by Heights of Texas, FSB, and the motion to dismiss all claims against Champion Savings and Loan Association and FDIC with prejudice, except for any administrative claims which might be available now or hereafter. This last motion is unopposed by FDIC, which had earlier filed its own motion to dismiss on other grounds.

■ Finally, the Court considers Plaintiffs' motion to remand Civil Actions 135, 136 and 137 to state court. It is this motion which has generated intense opposition from all remaining Defendants. After the federal claims against the Defendants and all court claims against FDIC are dismissed with prejudice, the only claims remaining are pendent state law claims. In this circumstance, it is clear that this Court has discretion to remand Civil Actions 135, 136 and 137 to state court. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In *Cohill,* the Supreme Court expressly stated that it was resolving a split among the circuits as to whether such a remand was possible. It rejected the Fifth Circuit view disapproving remands, as expressed in *In re Greyhound Lines, Inc.,* 598 F.2d 883 (5th Cir.1979).[3]

*Cohill* dictates that in exercising its discretion, this Court must consider such factors as judicial economy, convenience, fairness, and comity. As indicated earlier, the instant cases stem from the collapse of a state-chartered savings and loan association which was not insured under federal law. Plaintiff Gutierrez is a liquidating agent acting under authority of state statutes. These circumstances alone would mitigate toward the selection of a state

---

**2.** It is problematical whether the counterclaim is validly before this Court in any event. Connelly, et al allege that they were also depositors with Rio Grande Savings and Loan Association whose claims have been approved by the Plaintiff Gutierrez, the liquidating agent under state law. Gutierrez allegedly refuses to disburse money to the counterclaimants, instead retaining their funds for possible offsets for whatever money the counterclaimants may owe Gutierrez under the main claim. According to Article 852a, § 8.09(f) Texas V.A.C.S., if a claimant objects to the treatment afforded his claim by a liquidating agent under the statute, he must file suit in the state district court of Travis County Texas within 3 months from the day of mailing of notice of action by the liquidating agent. Otherwise that action is final and not subject to review. On the surface, it would seem that the statute creates a condition precedent under state law which clearly has not been met here. Connelly, et al allege that they "have agreed" with Plaintiff Gutierrez that their counterclaim in the

instant suit would be "more expeditious" than the filing of a separate suit in Travis County. Whether such an "agreement" is valid under state law should be properly left to state courts to decide.

**3.** Defendants assert that despite *Cohill,* the Fifth Circuit decision in *Henry v. Independent American Savings Association,* 857 F.2d 995 (5th Cir. 1988) means that district courts "generally should deny a motion to remand following the voluntary dismissal of federal claims." This argument misconstrues *Henry.* That decision merely reiterated that a plaintiff's voluntary dismissal of federal claims after removal does not *deprive* the court of federal jurisdiction if it *chooses* to exercise it. If it declines to exercise it, the court has the further *choice* of dismissing or remanding. The basic decision of whether or not to retain jurisdiction, however, must still be guided by the *Cohill* factors. *Henry* does not dictate any presumption against remand and could not do so under *Cohill.*

forum. The cases are also at a very early stage of development in federal court. The hearing on these pending motions was essentially the first federal activity in the cases. This is partly because the cases were originally on the dockets of other judges in the District and partly because this Court opted to wait for the decision by the Fifth Circuit Court of Appeals in *Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205 (5th Cir.1989). No discovery has occurred, nor have any pretrial deadlines been established. By contrast, substantial proceedings occurred in state court prior to removal. The state district court overruled a plea in abatement and the state appellate court denied a petition for mandamus on that ruling. The state district court also overruled a motion for change of venue and granted two temporary injunctions, which were on appeal at the time of removal. Plaintiffs assert, without contradiction, that the parties had also exchanged documentary evidence and agreed on a deposition schedule, and that a tentative trial date had been established. Under these circumstances, this Court has a "powerful reason to choose not to continue to exercise jurisdiction." *Cohill*, 108 S.Ct. at 619. Defendants suggest that these cases involve "serious questions of federal law" that are better handled in federal court. The suggested defenses, however, are not likely available to all or even most of the Defendants. Further, this Court is not persuaded that these defenses—which essentially involve a "holder in due course" theory on behalf of Heights of Texas—are so complex as to be beyond the comprehension of a state judge.

Defendants' most strenuous argument is that the existence of large numbers of former depositors in the defunct association creates undue political pressure upon an elected state court judge and would make it difficult to seat an impartial jury. There are ample state procedural vehicles for securing a fair venue and an impartial jury. This Court is unwilling to assume that the state judiciary will abandon its responsibilities in this regard. The Court also rejects Defendants' related argument that remand should be denied because Plaintiffs have utilized "manipulative tactics" to secure a state forum. The three removed cases were originally filed in state court and, as indicated earlier, Plaintiffs were actively pursuing their claims in state court. The cases were removed to federal court only after FDIC became the receiver of Champion Savings and Loan Association, a Defendant. Plaintiffs are simply endeavoring to return these cases to their original forum. Granted, Plaintiffs had also filed a parallel federal court suit, but they have now expressed a willingness to abandon all federal claims with prejudice. While there may be unspoken reasons for this decision, the spoken reason is certainly legitimate. Plaintiffs have expressed the view that because of the crushing load of criminal cases on the docket of the United States District Court for the Southern District of Texas, they believe their case can proceed to trial sooner in state court. This belief is not unfounded, as the oppressive criminal docket is well documented statistically and is a subject of great concern currently, not only in the judiciary but in the Congress. Under *Cohill*, forum manipulation is merely one of several factors to consider. In this situation, to whatever extent Plaintiffs are guilty of "manipulation," that factor is clearly outweighed by contrary factors in favor of remand.

Plaintiffs motion to remand in Civil Actions numbers 135, 136 and 137 shall be granted.