THIGPEN, Judge.
At issue in this case is whether a trial court erred in failing to strike a prospective juror in a negligence case for cause, on the grounds that she was at one time related by marriage to the defendant in the case. Donald, one of the plaintiffs, is appealing irom a judgment based on a jury verdict in her favor, alleging that she was awarded insufficient damages.
“The law in Alabama is well settled that the party who prevailed in the trial court can appeal only on the issue of the adequacy of the damages awarded him, and the appeal can be brought only after he has timely filed a motion for a new trial which was overruled by the trial court.”
Cleveland v. Gilbert, 473 So;2d 1075, 1076 (Ala.Civ.App.1985). The record reveals that *748 Donald did not move for a new trial after judgment was entered. This court’s error-correcting function prohibits consideration of any potential merits to the appellant’s contentions. It is fundamental that an appellate court will not “put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it.” Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979). See also Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212 (Ala.1990). There is nothing properly presented for this Court to review. Consequently, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.