**Allen D. RITCHEY**

v.

**James P. LEDOUX, et al.**

**Civ. A. No. 94–2433.**

United States District Court,
E.D. Louisiana.

Dec. 18, 1995.

---

Packard E. Phillips, Eveline, Davis & Phillips, New Orleans, LA, and Stephen David London, New Orleans, LA, for plaintiff.

Thomas Ernest Schafer, III, Schafer & Schafer, New Orleans, LA, Fred L. Herman, James Louis Arruebarrena, Fred L. Herman, A.P.L.C., New Orleans, LA, Clarence O. Dupuy, Jr., Gregory A. Dupuy, Dupuy & Dupuy, Metairie, LA, Elizabeth Sirgo, Nelson W. Wagar, III, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, Richard W. Martinez, Tranchina & Martinez, New Orleans, LA, and Joseph P. Williams, Jr., Metairie, LA, for defendants.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is plaintiff's "Motion to Dismiss with Consolidated Memorandum in Support Thereof," which was submitted on pleadings only without oral argument. Having considered the memoranda of the parties, the record and the applicable law, the Court GRANTS plaintiff's motion conditionally.

### Background

Plaintiff filed this suit against various defendants claiming that he had suffered damages as a result of an accounting partnership with defendant James P. Ledoux having gone sour. The only remaining defendants in the case are Ledoux, his wife Carol M. Ledoux, and Dupuy & Dupuy, a law partnership.[1]

---

1. Plaintiff previously dismissed any claims against defendants Maritime Partners and He-

While James Ledoux and his wife are still listed as defendants, the Court notes that they have been discharged in bankruptcy and that plaintiff at the pre-trial conference conducted by the Magistrate Judge indicated that he would no longer be pursuing any claims against them.[2] Thus, although plaintiff has not formally dismissed his claims against the Ledoux defendants,[3] the only defendant effectively remaining in this matter is Dupuy & Dupuy, which opposes plaintiff's motion to dismiss, as will be explained in detail *infra.*

In his lawsuit, the plaintiff, initially acting *pro se,*[4] alleged jurisdiction under 28 U.S.C. § 1334 because of the Ledoux' bankruptcy and 28 U.S.C. § 1343(a)(3) because of an alleged violation of 42 U.S.C. § 1983 growing out of an alleged conspiracy between Clarence Dupuy, one of the partners in Dupuy & Dupuy, and a judge in Civil District Court for the Parish of Orleans, State of Louisiana.[5] Plaintiff alleged that the result of the conspiracy was that the judge did not appoint a liquidator for the partnership and refused to disqualify Dupuy in the liquidation proceeding, who apparently was opposing plaintiff's position, even though Dupuy allegedly also represented plaintiff in another ongoing proceeding.[6] Plaintiff alleged that "it was necessary for Dupuy to be in the case to coerce and blackmail plaintiff," presumably to enter into a consent judgment,[7] the terms of which are not entirely clear from the record.[8]

Two days after the pre-trial conference, and only eight days before trial, plaintiff filed the present motion, seeking to dismiss this matter without prejudice because, "based on discovery responses and counsel's [sic] continuing investigation of the facts in this case . . . plaintiff believes that . . . the available evidence will not support continued litigation on his federal claims."[9] Defendant Dupuy & Dupuy opposes the motion on the basis that this case has been frivolous since its inception and that any dismissal should be with prejudice. Defendants also seek the imposition of costs and attorneys' fees against plaintiff.

Trial in this matter was set for December 14, 1995, but the Court continued the trial in order to allow it to rule on this motion. (R.Doc. 85.)[10]

### Law and Application

Although plaintiff's motion does not cite any law or rule of the Federal Rules of Civil Procedure under which it is brought, it is clear that Fed.R.Civ.P. 41(a)(2) is implicated. This rule provides, in pertinent part, that unless a motion to dismiss without prejudice is executed by all parties and filed pursuant to Rule 41(a)(1), "an action shall not be dismissed at plaintiff's insistence save upon order of the court and upon such terms and

---

bert & Company with prejudice (R.Docs. 68 and 75), and defendant Manjit Wadhwa's motion to dismiss was granted by this Court due to the lack of any opposition by plaintiff. (R.Doc. 77.)

2. R.Doc. 81.

3. According to the letter filed in the record by the Ledouxs' attorney, he does not intend to participate in the trial or trial of this matter due to plaintiff's decision not to prosecute his claims against the Ledoux defendants. By inference, the Ledouxs obviously agree to a dismissal and do not oppose the instant motion.

4. Since filing the lawsuit, plaintiff has retained two attorneys to represent him. (R.Docs. 43 and 55.)

5. *See* Complaint, "First Supplemental and Amending Petition," and "Second Supplemental and Amending Petition." (R.Docs. 1, 4, and 21.)

6. Complaint, ¶ 12 (R.Doc. 1) and "Second Supplemental and Amending Petition," ¶¶ V and VI, adding ¶¶ XIX(b) and XIX(c), respectively. (R.Doc. 21.)

7. "Second Supplemental and Amending Petition," ¶ VI, adding XIX(b). (R.Doc. 21.)

8. *See also* "Pre–Trial Order," §§ IV and V, in which plaintiff alleges the conspiracy involving the Civil District Court judge as a basis for jurisdiction and further alleges the judge's failure to disqualify Clarence Dupuy at a hearing on the dissolution of the partnership and plaintiff's having been "coerced into agreeing to the consent judgment that day."

9. Plaintiff's motion and incorporated memorandum, p. 1. (R.Doc. 83.)

10. Dupuy & Dupuy agreed to file its memorandum in opposition on an expedited basis. (R.Doc. 82.)

conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2).

In ruling on a motion under Rule 41(a)(2), the Court must keep in mind the defendant's interests, "for it is [its] position which should be protected." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). "[I]n most cases a dismissal should be granted unless the defendant will suffer some legal harm." *Id.* Such "legal harm" does not include "the mere prospect of a second lawsuit." *Id., quoting Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031, 1032 (5th Cir.1974).

However, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the court may, *in its discretion,* refuse to grant a voluntary dismissal." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Services, Inc.,* 903 F.2d 352, 360 (5th Cir. 1990).

Additionally, the Court can impose conditions on a motion to dismiss without prejudice. *See, e.g., LeCompte,* 528 F.2d at 603. "Most often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant." *Mortgage Guaranty Insurance Corp. v. Richard Carlyon Co.,* 904 F.2d 298, 300 (5th Cir.1990), citing *LeCompte,* 528 F.2d at 603.

Finally, the decision whether to deny a Rule 41(a)(2) motion is within the sound discretion of the Court. *Id.* at 604.

Bearing these principles in mind, the Court exercises its discretion by offering plaintiff a dismissal without prejudice of his lawsuit conditioned upon plaintiff's payment of some of the attorneys' fees and costs incurred by Dupuy & Dupuy and plaintiff's acknowledgment that any discovery produced in this case be available for any legal use in a similar lawsuit he has filed in state court, which plaintiff will be free to pursue against Dupuy & Dupuy if the Court grants his

motion.[11] In that lawsuit, plaintiff alleges the same facts as in this matter and further alleges that Dupuy & Dupuy "maliciously, wilfully and intentionally breached all of their fiduciary duties owned [sic] petitioner as petitioner's attorney by conspiring with and acting in concert with defendant Ledoux and others and causing damage to petitioner." [12]

The Court's reason for this decision are as follows. First, although Dupuy & Dupuy face another possible lawsuit by plaintiff arising out of the same facts, the mere specter of another lawsuit is not enough to deny plaintiff's motion to dismiss without prejudice. *LeCompte,* 528 F.2d at 604.

The other issue raised by Dupuy & Dupuy is whether the Court should deny plaintiff's motion because of the late stage of litigation at which it was filed. In *Hartford Accident & Indem. Co.,* the Fifth Circuit sustained the denial of plaintiff's motion to dismiss without prejudice because it was filed almost ten months following removal from state court, hearings had been conducted on various issues, "significant discovery" had been conducted, one defendant had already been granted summary judgment and jury trial had been set. *Hartford Accident & Indem. Co.,* 903 F.2d at 361. Further, in addition to opposing the motion to dismiss, the remaining defendants also filed motions for summary judgment. *Id.* at 356.

The only similarity between those facts and those of the present case are:

(1) the case has been pending for nearly 15 months;

(2) one defendant has been dismissed on its motion, which was unopposed by that defendant, *see* n. 1, *supra;* and,

(3) non-jury trial has been set.

However, Dupuy & Dupuy has never filed a motion to dismiss and/or a motion for summary judgment, and the Court's review of the record does not reveal that "significant discovery" has been conducted.[13] Nor have

---

11. Exh. 4, attached to defendant's memorandum in opposition. (R.Doc. 84.)

12. *Id.,* ¶ XXIII.

13. In addition to the lack of evidence in the record as to extensive discovery, the Court notes that in two minute entries issued following preliminary conferences at which trial dates were set, the Court's orders stated: "This case does

hearings been held on various issues, only preliminary/status conferences and pre-trial conferences.

The facts of this case are also different from two other cases where the Fifth Circuit has affirmed denials of Rule 41(a)(2) motions. For example, in *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 196, 199 (5th Cir.1991), in addition to the fact that plaintiff filed their motion to dismiss without prejudice more than a year after removal to federal court, numerous memoranda had been filed and a magistrate judge had recommended dismissal of plaintiff's case. On the basis of these facts, the court of appeals upheld the trial judge's discretion in denying plaintiffs's motion. *Id.* at 199. In *League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 843 (5th Cir.1993) (*en banc*), the Fifth Circuit itself refused to allow plaintiffs' nonsuit of a defendant filed immediately after oral argument before the *en banc* court and almost five years after filing suit, apparently because he would not settle.

Simply put, the Court does not find that the facts of the instant case have proceeded to the extent of those set forth in *Hartford Accident & Indem. Co.*, *Davis*, or *League of United Latin American Citizens* such that the Court should exercise its discretion by denying plaintiff's motion outright.

At the same time, the Court does believes that granting plaintiff's motion unconditionally would not constitute the proper exercise of its discretionary function. Defendant has been put to some expense in defending this lawsuit and no doubt will incur additional expenses in defending the state lawsuit if it is prosecuted.

The question then is the amount of plaintiff's payment of Dupuy & Dupuy's attorneys' fees and costs that plaintiff should have to pay in order for his lawsuit to be dismissed without prejudice. Defendant maintains that its lawyers have incurred attorney's fees "in the amount of $11,234.50 and $5,936.37 in costs for a total of $17,170.97" in this matter.[14] However, the Court is unable to determine the reasonableness of these fees and costs based on this general statement, especially in view of the small amount of discovery apparently undertaken in this matter. *See* n. 13, *supra.* The Court also finds that, if plaintiff were to pursue his action in state court, defendant would not have to incur fees and costs in discovery that has already been conducted, for the Court will make it a condition of any dismissal of this lawsuit without prejudice that discovery in this case be made available to all parties in the state court action. Such a condition will prevent duplicative discovery and lessen any additional costs and/or expenses. Defendant also will not have to familiarize itself with plaintiff's case anew in state court. The Court further finds that certain of Dupuy & Dupuy's fees and/or expenses would have been incurred even had plaintiff only pursued his state action; for the Court's review of the state court petition reveals that it is factually similar, if not identical, to the complaints and supplemental and amending complaints in this matter.

Nevertheless, there is no doubt that defendant has sustained certain expenses. Therefore, the Court conditions plaintiff's dismissal of this case without prejudice upon plaintiff's payment to defendant of $7,000 in fees and costs, a figure the Court finds to be reasonable under the circumstances.

Plaintiff will have fifteen (15) days from the date of this order in which to decide whether to accept the conditions that Court

not involve extensive documentary evidence, depositions or other discovery." (R.Docs. 19 and 47.) At no time did Dupuy & Dupuy object to this characterization of the case. Further, by August 1995, a little more than one year following the filing of this matter, the Court noted in an order issued following a status conference that fact discovery had been completed and also refused to allow any additional fact-based discovery, limiting future discovery to expert testimony only. (R.Doc. 67.) Indeed, Dupuy & Dupuy's memorandum in opposition states that "[t]he last

discovery undertaken by any party which could possibly bear on [plaintiff's claim of conspiracy] was the deposition of Clarence Dupuy on May 24, 1995...." Defendant's memorandum in opposition, p. 3. (R.Doc. 84.) All of this is further evidence of the fact that a significant amount of discovery has not been undertaken in this case.

14. Affidavit of Kerry Ramon, Exh. 2, Defendant's memorandum in opposition. (R.Doc. 84.)

imposes on his motion to dismiss without prejudice, *i.e.,* his payment of $7,000 in attorney's fees and costs to defendant and his acknowledgment that any discovery obtained in this case is available for whatever legal use the parties may choose in plaintiff's state court action, should plaintiff pursue that matter. Plaintiff is to notify the Court in writing of his decision. At that time, should plaintiff accept these conditions, the Court will enter a judgment dismissing this case without prejudice.

If plaintiff refuses to accept these conditions, the Court will deny his motion and set this matter for trial once again.

Accordingly,

IT IS ORDERED that plaintiff's "Motion to Dismiss Without Prejudice" IS GRANTED on the conditions of plaintiff's payment of $7,000.00 to defendant Dupuy & Dupuy in attorneys' fees and costs incurred in defense of this action and plaintiff's acknowledgment that all discovery taken in this case be available for whatever legal use any party may choose in plaintiff's state court action, should plaintiff prosecute that matter.

IT IS FURTHER ORDERED that plaintiff notify the Court in writing within fifteen (15) days of the date of this order as to whether he will accept the foregoing conditions imposed on his motion to dismiss without prejudice.