**Laura PALMER, Individually And On Behalf of Christopher Palmer, Kristina Palmer, Patches Dixon and David Dixon**

v.

**FORD MOTOR COMPANY**

**Civil Action No. 96–3359–B–M3.**

United States District Court, M.D. Louisiana.

Oct. 30, 1997.

Joseph Jerry McKernan, McKernan Law Firm, Baton Rouge, LA, Daniel Joseph Balhoff, John W. Perry, Jr., Due, Caballero, Perry, Price & Guidry, Baton Rouge, LA, Glen Edward Smith, Lisa Anne Leslie, Law Offices of Glen E. Smith, Baton Rouge, LA, for Laura Palmer.

Michael M. Noonan, Patrick J. O'Cain, McGlinchey Stafford Lang, New Orleans, LA, for Ford Motor Co.

Stephen E. Broyles, Glusman, Moore, Arbour, Broyles & Glusman, Baton Rouge, LA, for New Roads Motor Co.

Joseph Jerry McKernan, McKernan Law Firm, Baton Rouge, LA, Glen Edward Smith, Lisa Anne Leslie, Law Offices of Glen E. Smith, Baton Rouge, LA, for Martin Palmer.

### RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL

POLOZOLA, District Judge.

This matter is before the Court on defendant's motion for reconsideration of order granting dismissal. In short, defendant seeks to have the Court rescind its prior order which granted plaintiffs' motion to dismiss this suit without prejudice. The Court finds that defendant's motion for reconsideration of order granting dismissal should be denied, subject to the following conditions: [1] (1) the case is dismissed without prejudice; (2) the plaintiff shall enter into a binding stipulation that the plaintiff will not pursue a design claim against Ford Motor Company but will instead proceed solely on a theory that the vehicle was defectively manufactured; (3) any discovery conducted in federal court shall not be duplicated in the state court proceedings; and (4) the plaintiff shall pay to the defendant reasonable attorney's fees and costs incurred in the federal action in an amount to be agreed upon by the parties or, if necessary, to be determined by the Court.

The parties have until November 10, 1997 to submit the stipulation and agreement on attorney's fees and costs, or submit appropriate evidence in support of and in opposition to the amount of the attorney's fee and costs. Upon receipt of the stipulation and a final determination of defendant's attorney's fees and costs, the Court will enter a final order denying the motion to reconsider.

Should the plaintiff fail to agree to the stipulation or fail to pay the attorney's fee and costs required by this order, the defendant's motion for reconsideration shall be

---

**1.** *LeCompte v. Mr. Chip,* 528 F.2d 601(5th Cir. 1976); *Ritchey v. Ledoux,* 164 F.R.D. 186 (E.D.La.1995).

granted and the case will be reinstated on the docket of this court.

**It is so ordered.**