# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 5, 2016

Lyle W. Cayce
Clerk

WAYNE GORDON,

> Plaintiff – Appellant

v.

LEON REGAN; CITADEL BUILDERS, L.L.C.; UNIDENTIFIED PARTY; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, improperly named Travelers Casualty and Surety Company of American, Incorporated,

> Defendants - Appellees

------------------------------------------------------------------------------------------------------------

WAYNE GORDON

> Plaintiff – Appellant

v.

LEON REGAN; CITADEL BUILDERS, L.L.C.; UNIDENTIFIED PARTY; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICAN, INCORPORATED

> Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-1979

No. 16-30280

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wayne Gordon appeals, *pro se*, from a magistrate judge's order deferring initial disclosures and the district court's without-prejudice dismissal conditioned on execution of settlement agreement. The Court's examination of the record reveals that there is no such order by a magistrate judge, and even if there were, it is not a final judgment and was not appealed to the district court.[1] Moreover, the district court's dismissal from which Gordon appeals was a dismissal without prejudice as the district court retained jurisdiction to enforce the terms of the settlement.[2] Even if we construe Gordon's appeal to be from the district court's final dismissal with prejudice, he consented to that dismissal as a term of the settlement he agreed to.[3] Thus, this Court lacks jurisdiction. The appeal is DISMISSED for lack of appellate jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 1291; *Central Progressive Bank v. Fireman's Fund Ins. Co.*, 658 F.2d 377, 383 (5th Cir. 1981).

[2] *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976).

[3] *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).