# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10569

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2018

Lyle W. Cayce
Clerk

WILLIAM O. DALE; A. JAMES STREELMAN,

      Plaintiffs – Appellants,

v.

EQUINE SPORTS MEDICINE & SURGERY RACE HORSE SERVICE,
P.L.L.C.; DOCTOR BOYD CLEMENT,

      Defendants – Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-825

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

    This case arises from the death of a racehorse—Rawhide Canyon. Contentious litigation followed. Plaintiffs William Dale and James Streelman, who owned Rawhide Canyon and brought this lawsuit relating to the horse's veterinary care, raise a number of issues on appeal, including the district court's denial of their motion to voluntarily dismiss and their motion to

---

    * Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 17-10569

reconsider that denial. Because the district court abused its discretion in denying Plaintiffs' motion for reconsideration of the denial of their motion to voluntarily dismiss, we VACATE the district court's judgment and REMAND with instructions to dismiss the case without prejudice.

## I.

Plaintiffs purchased Rawhide Canyon for $19,000. During the next racing season, Rawhide Canyon sustained an injury that created bone chips in one of her joints. Following a surgery to remove the bone chips, Rawhide Canyon was transported to New Mexico for rehabilitation. There, Dr. Boyd Clement, an employee of Equine Sports Medicine and Surgery Race Horse Service, PLLC ("ESMS"), was Rawhide Canyon's ongoing treating veterinarian.

A year later, Rawhide Canyon developed an infection in the joint that had been the subject of the surgery. Dr. Clement, along with other ESMS employees, continued to treat Rawhide Canyon for that infection. Later, Rawhide Canyon was transferred to an ESMS facility in Weatherford, Texas. By then, Rawhide Canyon's condition had significantly deteriorated, and she was eventually euthanized.

Plaintiffs filed suit in the Northern District of Texas, alleging that Dr. Clement and ESMS committed veterinary malpractice and seeking damages for the value of Rawhide Canyon. Plaintiffs later sought to transfer venue to the District of New Mexico. The district court denied the motion because the reasons for transfer were unpersuasive and "it appear[ed] that a transfer would merely shift inconvenience from one side to the other."

Plaintiffs then sought to voluntarily dismiss their case in the Northern District of Texas without prejudice. The district court denied the motion because Plaintiffs had not offered to pay Defendants' attorneys' fees. Plaintiffs filed a motion for reconsideration and indicated their willingness to pay

No. 17-10569

Defendants' reasonable attorneys' fees. The motion was again denied. The case was set for trial.

Plaintiffs contend that the district court repeatedly erred in its evidentiary rulings before the trial. In light of the significant dispute regarding venue and voluntary dismissal, the parties filed a joint motion to extend the trial date by 120 days. The district court denied the motion. Approaching the close of discovery, Plaintiffs sought mandamus relief from the district court's decisions on the motion to transfer venue and the motion to voluntarily dismiss. We denied both the mandamus petition and Plaintiffs' motion for reconsideration of that order.

The trial date arrived, and the district court granted a mistrial soon thereafter.[1] After the case was set for a new trial, Plaintiffs sought a continuance due to various conflicts. The district court granted the motion in part, pushing the trial date back slightly more than a week rather than the thirty days that Plaintiffs had originally requested. Plaintiffs filed a renewed motion to continue the trial date, raising new conflicts and citing the potential availability of new evidence. The district court denied the motion. The next day, Plaintiffs filed a notice of non-appearance and a motion for a protective order, stating that a medical condition prohibited Dale from traveling to Texas for trial.[2]

---

[1] At the start of the trial, Plaintiffs' counsel was ordered not to offer any evidence concerning settlement negotiations between Plaintiffs and Defendants. Plaintiffs' counsel was also not allowed to offer evidence that Defendants were covered by insurance for the claims made against them. During direct examination, a witness for Plaintiffs testified about settlement negotiations between the parties. Counsel for Defendants objected, noting that the answer was in violation of the court's instructions. Defendants requested a mistrial, which the district court granted.

[2] Dale claims that he learned during an ENT specialist visit that he had either recently suffered a stroke or had a tumor in the vicinity of his inner ear that was causing extensive nerve damage. As a result, Dale's physician ordered that he not travel or experience any change in altitude until after performing further medical testing. Because

No. 17-10569

The district court immediately requested clarification, asking whether Plaintiffs really did not intend to appear for trial. Plaintiffs' counsel informed the court that he would appear for trial, though without his clients or witnesses. The district court subsequently issued an order stating that the failure to appear for trial warranted immediate dismissal but did not dismiss the action at that time. The district court later issued a longer order, recounting the contentious history of the litigation and noting that Plaintiffs' failure to prosecute warranted dismissal. While the district court concluded that dismissal was warranted, it decided to hold an evidentiary hearing if Plaintiffs wished to have one. Plaintiffs informed the district court that the court had all the evidence necessary, that Dale was still medically prohibited from appearing, and that there was no need for a hearing.

The district court dismissed Plaintiffs' case for failure to prosecute and entered judgment in Defendants' favor. Plaintiffs timely appealed: (i) the order denying Plaintiffs' motion to transfer the case; (ii) the order denying Plaintiffs' motion to voluntarily dismiss without prejudice; (iii) the order denying reconsideration of the motion to dismiss; (iv) the granting of leave to designate experts and disclose expert reports out of time and contrary to earlier court orders; (v) the denial of the joint motion for a continuance; (vi) the setting of certain deadlines; (vii) the refusal of the court to allow objection or record development as to evidentiary rulings; (viii) the failure of the court to address alleged witness intimidation; (ix) the issuance of a mistrial; and (x) the failure to reset trial due to the unavailability of Plaintiffs' counsel and Dale's subsequent medical emergency.

the testing would not be completed by the new trial date, Plaintiffs argued that Dale was precluded from attending the trial.

No. 17-10569

II.

The issues before us are numerous.  First is the Plaintiffs' motion to transfer venue.  Having heard oral argument and reviewed the parties' briefs and the record, we do not believe that the district court abused its discretion in denying Plaintiffs' motion to transfer the case to the District of New Mexico. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.").

Next, we consider the motion to voluntarily dismiss.  Unless the terms of Federal Rule of Civil Procedure 41(a)(1) are met—allowing a plaintiff to dismiss his case if no answer or motion for summary judgment has been filed or if a stipulation of dismissal signed by all parties is filed, neither of which was the case here—Rule 41(a)(2) requires a court order for an action to be dismissed.  We review a district court's decision to deny a motion for voluntary dismissal under Rule 41(a)(2) for abuse of discretion.  *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  "[T]he potential for forum-shopping does not count as legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016).  In ruling on a motion for voluntary dismissal, the district court can impose certain conditions.  *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–05 (5th Cir. 1976).  The district court should impose, however, only those conditions that will alleviate any harm caused to the defendant.  *Id.*

Here, the district court held that payment of Defendants' attorneys' fees was a "reasonable condition of dismissal" and denied Plaintiffs' motion because, in their briefing, Plaintiffs did not agree to that condition.  Defendants

No. 17-10569

claimed that they had "spent $10,000 responding to Plaintiff's previously filed motions, attending mediation and preparing [the] case for trial." At the time of the motion, however, no discovery had taken place. Nor had Defendants identified experts, submitted interrogatories, or requested depositions. Thus, it appears little had been done to prepare for trial. The district court cited no other legal prejudice to Defendants. Nor could the potential for forum shopping, in light of Plaintiffs' earlier motion to transfer venue, have been considered as legal prejudice.

Nonetheless, assuming *arguendo* that the district court did not abuse its discretion in requiring the payment of Defendants' attorneys' fees for Plaintiffs to voluntarily dismiss their case, the district court did abuse its discretion in refusing to reconsider, without explanation, its order denying the motion once Plaintiffs agreed to the only issue with the motion the district court identified. We have recognized that, under Federal Rule of Civil Procedure 54(b), a "trial court is free to reconsider and reverse [an interlocutory] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc)).

In Plaintiffs' motion for reconsideration pursuant to Rule 54, Plaintiffs agreed to pay, along with the additional costs they had already agreed to pay, Defendants' reasonable attorneys' fees, as set by the district court. Still, the district court denied Plaintiffs' motion without explanation. Because the payment of attorneys' fees was the sole basis for the district court's denial of voluntary dismissal and Plaintiffs subsequently made clear that they would pay these fees, the district court abused its discretion by denying Plaintiffs the ability to voluntarily dismiss their own case.

No. 17-10569

III.

For the foregoing reasons, we VACATE the district court's judgment dismissing the case with prejudice and REMAND to the district court with instructions to dismiss Plaintiffs' case without prejudice.[3]

---

[3] The district court issued the remainder of the rulings that Plaintiffs appeal after denying reconsideration of Plaintiffs' motion to voluntarily dismiss. Because we conclude that the decision to deny reconsideration of Plaintiffs' motion to voluntarily dismiss was error and we remand for dismissal without prejudice, we do not address the other issues on appeal.