In re KINGSCROFT INSURANCE COMPANY, LTD., El Paso Insurance Company, Ltd., Lime Street Insurance Company, Ltd., and Mutual Reinsurance Company, Ltd., Petitioners.

Bankruptcy No. 91–22065–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Nov. 23, 1992.

Janie Locke Anderson, Coll Davidson Carter Smith Salter & Barkett, P.A., Miami, FL, Jonathan Greenblatt, Shearman & Sterling, New York City, for Christopher Hughes and Ian Douglas Barker as Joint Liquidators.

Jack H. Vital, III, Sheldon J. Schlesinger, P.A., Fort Lauderdale, FL, for Justin Bates and Cynthia Bates.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS PETITION FOR RELIEF ANCILLARY TO FOREIGN PROCEEDINGS

A. JAY CRISTOL, Bankruptcy Judge.

This matter came on for hearing on August 3, 1992, upon a Motion to Dismiss the Petition Ancillary to Foreign Proceedings (the "Motion to Dismiss"), pursuant to 11 U.S.C. § 304. The Petition for Relief Ancillary to Foreign Proceedings (the "Petition") had been voluntarily filed in June 1991 by the foreign debtors. Movants are court appointed Joint Provisional Liquidators, successors in interest to the Boards of Directors of the respective foreign debtors. Based upon the record, the briefs submitted by the interested parties, and the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

The Foreign Debtors, Kingscroft Insurance Company Ltd. ("Kingscroft"), El Paso Insurance Company Ltd. ("El Paso") and Lime Street Insurance Company Ltd. ("Lime Street") are insurance companies incorporated under the laws of the United Kingdom, with their principal place of business in London, England. The Foreign Debtor, Mutual Reinsurance Company Ltd. ("Mutual") is an insurance company incorporated under the laws of Bermuda, with its principal place of business in Hamilton, Bermuda. These companies, referred to collectively as the "KELM Companies," provided excess commercial liability coverage in the United States and elsewhere through the London insurance market.

Pursuant to the United Kingdom Insolvency Act 1986, on August 30, 1990, "winding-up" petitions were filed with respect to each of the KELM Companies in the High Court of Justice in London, England. In addition, Mutual filed a winding-up petition before the Supreme Court of Bermuda in Hamilton, Bermuda, pursuant to the Bermudian Companies Act 1981.

Following the filing of the winding-up petitions, the respective Boards of Directors of the KELM Companies remained in control of the affairs of those companies. It was contemplated that the Boards through negotiation with creditors would develop "Schemes of Arrangement," which would then be voted upon by all creditors and submitted to the High Court for approval.

On June 12, 1991, the KELM Companies, at the instance of their respective Boards of Directors, filed the Petition to enjoin the continuation of a lawsuit filed against them in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Docket No. 85–24016 CD, captioned *Justin Bates, a minor, by and through his mother and legal guardian, Cynthia Bates, and Cynthia Bates, Individually vs. El Paso Insurance Company, Ltd. (f/k/a Kingscroft Insurance Company, Ltd.), Lime Street Insurance Company, Ltd. (f/k/a Louisville Insurance Company, Ltd.) and Mutual Reinsurance Company, Ltd., Defendants* (the "Bates Action").[1] Re-

---

1. Prior to the filing of the winding-up petitions, the Plaintiff in the Bates Action entered into a settlement with the Defendants, who were insured in part by the KELM Companies. In

spondent herein, the Plaintiff in the Bates Action, initially moved to dismiss this Petition, maintaining that this Court lacked jurisdiction to adjudicate the Petition and that venue did not properly lie in this district. On January 30, 1992, this Court entered its Memorandum Decision denying Respondent's motion and finding both that this Court has jurisdiction and that venue is proper in this district pursuant to 28 U.S.C. § 1410(a). 138 B.R. 121. Respondents have filed an answer contesting the Petition, but no evidentiary hearing has yet been scheduled.

By March, 1992, the Boards' efforts to obtain creditor support for proposed Schemes of Arrangement had failed, and creditors had lost confidence in the Boards' ability to achieve that result. In addition, approximately 200 separate lawsuits were pending against the KELM Companies in 43 judicial districts across the United States (the "Multiple Lawsuits"). Attorneys representing the KELM Companies in the Multiple Lawsuits had not been paid for some time, and many threatened to withdraw from representation absent the immediate payment of their outstanding fees by the insolvent companies. These withdrawals would have left the KELM Companies unrepresented in the Multiple Lawsuits, and facing the possibility of default judgments which could result in disproportionately large claims against the estates.

On March 3, 1992, the High Court placed the KELM Companies into "provisional liquidation," and appointed Christopher John Hughes and Ian Douglas Barker Bond as Joint Provisional Liquidators of the KELM Companies.[2] Upon their appointment, the Joint Provisional Liquidators were vested with the sole authority to act on behalf of the KELM Companies. The order of appointment granted the Joint Provisional Liquidators broad authority "[t]o do all things which may be necessary or expedient for the protection of the Companies' assets." Subsequent orders entered by the High Court on April 7, 1992, directed the Joint Provisional Liquidators to "apply in the United States of America for relief pursuant to § 304 of the Bankruptcy Code."

On April 8, 1992, the Joint Provisional Liquidators filed petitions on behalf of the KELM Companies under § 304 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"), seeking an order enjoining the commencement or continuation of any judicial action or proceeding against the KELM Companies in the United States and preserving the property of the KELM Companies in the United States. On April 10, 1992, a hearing was held in which various objections to the injunction, including objections as to venue, were argued. The New York Bankruptcy Court found that, pursuant to 28 U.S.C. § 1410(c), venue was proper in the Southern District of New York for the relief sought in the petitions, and entered a temporary restraining order preserving the assets of the KELM Companies and enjoining all litigation against those companies throughout the United States, including the Bates Action.[3] After a further hearing on May 12, 1992, the New York Bankruptcy Court entered a preliminary injunction. Although the hearing on the preliminary injunction was held on notice to interested parties, including Respondent, Respondent neither appeared nor objected to the continuation of the injunction, and made no attempt to appeal the order.

---

1991, Plaintiff reinstituted the action in the Circuit Court, joining for the first time three of the KELM Companies as defendants, to collect the total of $481,500 alleged to be owing to the insured from the KELM Companies. (The Plaintiff failed, presumably in error, to join Kingscroft; however, Kingscroft joined in the Petition in anticipation of the Plaintiff's amendment of pleadings in the Bates Action.)

**2.** Messrs. Hughes and Bond are partners in Cork Gully, the English insolvency practice of Coopers & Lybrand.

**3.** The Joint Provisional Liquidators sought broader relief in the New York Bankruptcy Court than the Boards had sought in this proceeding, and therefore the New York Bankruptcy Court found venue proper under 28 U.S.C. § 1410(c) rather than under 28 U.S.C. § 1410(a).

The Joint Provisional Liquidators seek to dismiss the Petition on the grounds that the relief originally sought in the Petition is moot, having been subsumed in the preliminary injunction entered in New York. Litigating the Petition now would only deplete the finite assets of these insolvent estates. Although Respondent earlier moved to dismiss the Petition, Respondent now asks this Court to deny the instant motion to dismiss filed by the Joint Provisional Liquidators, asserting that (i) the case should proceed on the merits given this Court's finding that venue is proper in this district; (ii) the New York Bankruptcy Court lacks venue to enjoin the Bates Action; and (iii) the dismissal of the Petition would prejudice Respondent by requiring her to adjudicate the matter in the New York Bankruptcy Court. For the reasons set forth below, however, the Court grants the Joint Provisional Liquidators' motion to dismiss the Petition.

*Conclusions of Law*

Venue in cases under § 304 of the Bankruptcy Code is determined by a special venue statute, 28 U.S.C. § 1410. Section 1410 provides:

(a) A case under section 304 of title 11 to enjoin the commencement or continuation of an action or proceeding in a State or Federal court, or the enforcement of a judgment, may be commenced only in the district court for the district where the State or Federal court sits in which is pending the action or proceeding against which the injunction is sought.

(b) A case under section 304 of title 11 to enjoin the enforcement of a lien against a property, or to require the turnover of property of an estate, may be commenced only in the district court for the district in which such property is found.

(c) A case under section 304 of title 11, other than a case specified in subsection (a) or (b) of this section, may be commenced only in the district court for the district in which is located the principal place of business in the United States, or the principal assets in the United States, of the estate that is the subject of such case.

Under this statutory scheme, venue depends upon the type and scope of relief sought by the foreign representative in the § 304 case. As this Court held in its previous Memorandum Decision in this case, where the relief sought is an injunction preventing the continuation of a pending action, § 1410(a) provides that venue is proper in the federal judicial district where the civil action is pending. Accordingly, this Court held that the Petition, which seeks an injunction preventing the continuation of an action pending in this district, was properly filed in this district.

In the § 304 cases brought by the Joint Provisional Liquidators in the Southern District of New York, the New York Bankruptcy Court held that venue there was proper under § 1410(c). The New York Bankruptcy Court based its ruling upon a finding that the purpose of the nationwide injunction was to enable the Joint Provisional Liquidators to gather information with respect to assets of and litigation against the KELM Companies in the United States, and to preserve and protect those assets. Further, the New York Bankruptcy Court concluded that an injunction for the purposes of gathering information and protecting the foreign estates' property is relief not specifically provided for in §§ 1410(a) and 1410(b), and thus falls within the residual venue provision of § 1410(c). Because the only readily identifiable assets of the KELM Companies in the United States are located in the Southern District of New York, the New York Bankruptcy Court held that venue was proper in that district for the grant of the broad relief sought by the Joint Provisional Liquidators.

The instant motion to dismiss is not premised on the propriety of venue in New York or elsewhere, and this Court need not address the issue. Clearly, venue is proper in this district to determine the relief originally sought in the Petition. Venue was also determined to be proper in New York for the broad relief sought there, and the New York Bankruptcy Court has entered a final order which includes an injunction of

the Bates Action. The relief sought in the Petition is now superfluous and no longer necessary in light of the changed circumstances since the filing of the Petition and the nationwide injunction already in place.[4] Respondent received notice of the hearing on the preliminary injunction sought by the Joint Provisional Liquidators in the New York Bankruptcy Court, and failed to appear or otherwise object to the grant of that relief.

Section 304 of the Bankruptcy Code provides that, in determining whether to grant relief under that section, "the court shall be guided by what will best assure an economical and expeditious administration of [the foreign] estate." 11 U.S.C. § 304; *see also Victrix Steamship Co. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713–14 (3d Cir.1987); *Cunard Steamship Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 456 (2d Cir.1985). Here, the dismissal of the Petition would further this fundamental purpose of § 304. Respondent is already enjoined from proceeding in the Bates Action. To require the Joint Provisional Liquidators to continue to prosecute the Petition and to litigate the same issues on the merits in this Court to obtain the precise relief already granted by the New York Bankruptcy Court would result in needless duplication of effort and expenditure of legal fees by all concerned. Such a use of the finite assets of insolvent estates would be contrary to the purpose of § 304 and the general tenets of the Bankruptcy Code. The New York Bankruptcy Court entered a single injunction staying all proceedings, rather than cause the Joint Provisional Liquidators to seek injunctions in numerous districts, which would with certainty lead to inordinate expense and the likelihood of inconsistent results. The New York Bankruptcy Court having entered a single injunction nationwide, this Petition, having

been filed to obtain an injunction, is now subsumed by the decree of the New York Bankruptcy Court, and therefore rendered moot. The New York Bankruptcy Court, by entering a nationwide injunction, granted relief similar to that which would be entered if these Foreign Debtors had been domestic corporations filing in the Southern District of New York and thereby automatically had obtained the benefit of a nationwide automatic stay pursuant to 11 U.S.C. § 362(a).

Respondent will not be prejudiced by the dismissal of this case, as Respondent is already enjoined from proceeding in the Bates Action by the order entered by the New York Bankruptcy Court. In any event, to obtain relief from that injunction, Respondent would have to seek rehearing or appellate review in that District, and cannot collaterally attack that order in this Court.[5] Thus, the dismissal of this Petition will not, in itself, result in any prejudice to Respondent. Under these circumstances, it is within the sound discretion of this Court to dismiss the Petition. Federal Rules of Bankruptcy Procedure 1018, 7041; *see LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). Accordingly, it is

ORDERED that the Joint Provisional Liquidators' Motion to Dismiss the Petition Ancillary to Foreign Proceedings is hereby GRANTED.

DONE and ORDERED.

---

4. In any event, 28 U.S.C. § 1412 permits the transfer of a bankruptcy case "in the interests of justice," even to a district where original filing would have been technically improper. *In re AP Industries, Inc.*, 117 B.R. 789 (Bankr.S.D.N.Y. 1990); *see also In re Leonard*, 55 B.R. 106, 109 (Bankr.D.D.C.1985).

5. Moreover, to proceed with the Petition in this Court would result in the anomalous situation where an injunction of the Bates Action would be subject to determination by two courts of equal jurisdiction, one of which has already enjoined the continuation of that action. This result raises the possibility of inconsistent results, and could have broader consequences with respect to the Multiple Lawsuits.