In re Petition of Oswaldo Buloz SALEH, Manuel Antonio Negron Castañeda, and Arnaldo Jose Perez Amitesarove, as Trustees of Compañía Anónima Venezolana De Navegación (CAVN), Debtor in a Foreign Proceeding.

Oswaldo Buloz SALEH, Manuel Antonio Negron Castañeda, and Arnaldo Jose Perez Amitesarove, as Trustees of Compañía Anónima Venezolana De Navegación (CAVN), Plaintiffs,

v.

TRITON CONTAINER INTERNATIONAL, LTD.; Genstar Container Corporation; Textainer Equipment Management (U.S. Limited); Transamerica Leasing, Inc.; Carl F. Ewig d/b/a Martec, International; and Cronos Containers, Ltd., Defendants.

Bankruptcy No. 94–14532–BKC–RAM.
Adv. No. 94–1067–BKC–RAM–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 14, 1994.

Jerry M. Markowitz, Thomas M. Messana, Lauren R. Nisonson, Markowitz, Davis and Ringel, P.A., Miami, FL, for petitioners.

Thomas E. Lauria, Weil, Gotshal & Manges, Miami, FL, for Genstar.

Hendrik G. Milne, Aballi, Milne, Kalil, Garrigo & Sanchez, P.A., Miami, FL, and Edward M. Keech, Walsh, Donovan, Lindh & Keech, San Francisco, CA, for Triton.

Merle C. Meyers, Goldberg, Stinnett, Meyers & Davis, San Francisco, CA, for Matson Leasing Co., Inc.

Robert E. Venney, Shutts & Bowen, Miami, FL, for Transamerica, Cronos and Textainer.

Dawn G. Euringer, Miami, FL, for Carl F. Ewig d/b/a Martec Intern.

## MEMORANDUM OPINION AND ORDER CONTINUING AND MODIFYING PRELIMINARY INJUNCTION

ROBERT A. MARK, Bankruptcy Judge.

The Court conducted a hearing on November 28, 1994 in furtherance of an Order Entering Preliminary Injunction entered by Chief Bankruptcy Judge Cristol on November 4, 1994 ("November 4 Order"). The November 4 Order was entered following emergency hearings on November 3 and 4, 1994 on the Verified Complaint of the foreign representatives ("Petitioners") of Compañía Anónima Venezolana de Navegación ("CAVN"), seeking to enjoin certain creditor defendants from continuing actions against CAVN and its assets located in the United States.

Several creditors appeared at the November 28 hearing seeking to dissolve, limit or amend the injunction. The Petitioners appeared through counsel seeking to continue the injunction and to expand its scope to include certain funds in the court registry in Guam realized from the sale of a CAVN vessel in an admiralty action carved out, by abstention, from the existing injunction. The Petitioners also sought the appointment of a "co-trustee" in this ancillary case to assist the Petitioners and to intervene, if necessary, in the action pending in Guam. At the con-

clusion of the hearing, the Court announced its rulings together with its findings and conclusions in support of the rulings pursuant to Federal Rule of Bankruptcy Procedure 7052. This Memorandum Opinion incorporates and restates those findings and conclusions.

## PROCEDURAL BACKGROUND

On October 31, 1994, pursuant to 11 U.S.C. § 304, the Petitioners OSWALDO BULOZ SALEH, MANUEL ANTONIO NEGRON CASTAÑEDA, and ARNALDO JOSE PEREZ AMITESAROVE, the foreign trustees of CAVN, filed a petition ancillary to a foreign proceeding. Additionally, the Petitioners filed an adversary proceeding requesting an injunction against all collection efforts against CAVN's assets located in the United States. An order to show cause why an injunction should not be entered was issued on November 1, 1994 and emergency hearings were held on November 3 and 4, 1994.

The prior hearings dealt with, among other things, the then pending sale of CAVN's ship, the "Cerro Bolivar," pursuant to a prejudgment attachment action brought in the Admiralty Court in the District of Guam, and the prejudgment attachment of an office building owned by CAVN located in Dade County, Florida. The November 4 Order, among other things, made specific findings with respect to CAVN, described the fact that CAVN owned property located in the United States, imposed a preliminary injunction similar in nature to the automatic stay described in 11 U.S.C. § 362, and further noted that this Court would abstain from the litigation pending against CAVN in the District of Guam. In addition to the November 4 Order, on November 9, 1994, Judge Cristol issued an Order Entering Preliminary Injunction With Respect to Dade County, Florida Real Property, Establishing Procedure for Rents Flowing Therefrom, and Authority to Recover Personal Property from Wherever Located Within the United States, Except Guam.

The November 4 Order provided for a subsequent hearing on November 28, 1994, at which time "anyone without notice of the original hearings may be heard in opposition to the injunction or to seek to obtain relief from the injunction." Following entry of the described orders, several creditors filed motions and other pleadings, including: 1) Motion of Genstar Container Corporation ("Genstar") to Reconsider Order Entering Preliminary Injunction; 2) Response of Triton Container International Limited ("Triton") to Order to Show Cause Why Preliminary Injunction Should Not Issue; 3) Response of Transamerica Leasing, Inc. ("Transamerica"), Cronos Containers, Ltd. ("Cronos") and Textainer Equipment Management (U.S. Limited) ("Textainer") to Order to Show Cause Why Preliminary Injunction Should Not Issue; and 4) Motion of Genstar to Dismiss Complaint by Foreign Representatives, and Memorandum of Law in Support Thereof. Additionally, the Petitioners filed a Memorandum of Law in Support of Their Petition of a Case Ancillary to a Foreign Proceeding.

## DISCUSSION

### A. Reconsideration Of November 4 Order

Genstar's motion to reconsider contests that portion of the November 4 Order which can be read as limiting the right to be heard at the November 28, 1994 hearing to parties which did not receive notice of the November 3 and 4 emergency hearings. Upon reviewing Judge Cristol's order and the transcripts of the hearings, the Court finds that all affected parties were entitled to oppose or seek relief from the preliminary injunction, not just those without notice of the original hearings.

### B. Eligibility For Ancillary Relief

 The creditors contend that the Petitioners do not qualify as debtors as that term is defined in the Bankruptcy Code, and, therefore, have no standing to petition for relief under 11 U.S.C. § 304.[1] The Court

---

1. Specifically, Triton and other creditors argue: 1) CAVN is a "governmental unit" as defined in § 101(27); 2) the definition of "person" in

§ 101(41) excludes a governmental unit; and 3) under § 109, only a "person" may be a "debtor." Due to the Court's holding, it is irrelevant wheth-

disagrees, based upon controlling Eleventh Circuit authority. *In re Goerg*, 844 F.2d 1562, (11th Cir.1988), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989).

In *Goerg*, the court concluded that the word "debtor," as used in § 304, incorporates the definition of debtor used by the forum in which the foreign proceeding is pending. The "debtor" at issue in *Goerg* was a German decedent's estate. Creditors argued that since a decedent's estate is ineligible to be a debtor as that term is defined under § 109 of the Bankruptcy Code, it was ineligible for § 304 relief as well. The Eleventh Circuit held that the decedent's estate was eligible for relief under German insolvency law, and thus the trustee of that estate was eligible to bring a § 304 action.

■ Here, Triton and other creditors argue that CAVN is a governmental entity which would be excluded from the definition of a person eligible for relief under the Bankruptcy Code. As *Goerg* instructs, in order to be eligible for relief ancillary to a foreign proceeding under § 304, it is not necessary to be a "debtor" under § 109 of the Bankruptcy Code. Since CAVN qualifies as a debtor in the foreign proceeding, the Petitioners are eligible to seek relief for CAVN under § 304 of the Bankruptcy Code.

**C. Venue**

■ In its Motion to Dismiss, Genstar argues that the statute governing venue for § 304 proceedings, 28 U.S.C. § 1410,[2] requires that a petition ancillary to a foreign proceeding in which a foreign representative seeks to enjoin pending non-bankruptcy litigation must be commenced in each and every district where such litigation is pending, suggesting that an independent petition in each district is mandated by the "plain meaning" of § 1410.

■ With due deference to the "plain meaning" rule, the Court does not find that doctrine applicable here. In *Goerg*, the Eleventh Circuit also discussed comparable "plain meaning" arguments with respect to eligibility as a "debtor" under § 304, and noted, "[A] statute susceptible of more than one meaning must be read in the manner which effectuates rather than frustrates the major purpose of the legislative draftsmen," 844 F.2d at 1567 (citation omitted).

The § 1410(a) and (b) venue provisions are ambiguous and susceptible to multiple interpretations. The provisions could mean that an ancillary petition filed to enjoin litigation or protect property in a particular forum must be brought where that litigation is pending or property is located—but that once proper venue is established in that forum, venue is proper for all purposes under § 304. Alternatively, the statute could mean, as Genstar argues, that a foreign representative needs multiple petitions if there is litigation pending in multiple jurisdictions.

Moreover, the Court does not accept Genstar's argument that § 1410(c) is inapplicable simply because the requested relief includes enjoining litigation. Rather, the § 1410(c) venue provisions can be interpreted to apply to situations where the petitioner seeks the broader relief of an injunction against multiple lawsuits to allow the opportunity to gather information about and protect the foreign estate's property.

Genstar has cited no cases supporting the view that a foreign representative must bring

---

er CAVN is a "governmental unit" as that term is defined in § 101(27) and accordingly the Court does not decide that issue.

**2.** 28 U.S.C. § 1410 provides:

(a) A case under section 304 of title 11 to enjoin the commencement or continuation of an action or proceeding in a State or Federal court, or the enforcement of a judgment, may be commenced only in the district court for the district where the State or Federal court sits in which is pending the action or proceeding against which the injunction is sought.

(b) A case under section 304 of title 11 to enjoin the enforcement of a lien against a property, or to require the turnover of property of an estate, may be commenced only in the district court for the district in which such property is found.

(c) A case under section 304 of title 11, other than a case specified in subsection (a) or (b) of this section, may be commenced only in the district court for the district in which is located the principal place of business in the United States, or the principal assets in the United States, of the estate that is the subject of such case.

multiple ancillary proceedings if the petitioners seek to stay actions or protect property in several districts. Furthermore, the result mandated by Genstar's argument would be contrary to logic and legislative intent. Referring to the legislative history, the Eleventh Circuit stated that:

Congress intended that the bankruptcy courts have "maximum flexibility" in fashioning appropriate orders.... The ultimate purpose of the section 304 mechanism is to "prevent dismemberment by local creditors" of assets located in this country that are involved in a foreign insolvency proceeding.

*Goerg,* 844 F.2d at 1568 (citations omitted).

These stated purposes for § 304 relief would be thwarted if a petitioner was required to file multiple ancillary proceedings. Enormous burdens would be placed on a foreign petitioner if it had to file an ancillary proceeding in every federal district in which there was litigation pending or property situated. This burden would be magnified in larger cases in which the need for § 304 relief was particularly acute.

Moreover, if multiple ancillary proceedings were required in each district where CAVN has property or is involved in litigation, several judges would be deciding similar issues. Most of the § 304(c) factors require courts to focus generally on the nature of the foreign proceeding, and the analysis should not be materially different based upon the particular litigation or property located in a district. With multiple § 304 cases, there would be a significant risk of inconsistent results. Furthermore, there would be litigation in multiple forums, discovery proceedings in multiple forums and, in general, a procedural nightmare inconsistent with the intended purpose of § 304.

■ The Court finds that this ancillary proceeding has been properly filed in the Southern District of Florida because: 1) a lawsuit which the Petitioners seek to enjoin is pending in this district; 2) property of CAVN which the Petitioners seek to protect is located in this district; and 3) the principal assets of CAVN in the United States are found in this district. For these reasons, all three of the separate and independent bases

for venue pursuant to 28 U.S.C. § 1410(a)–(c) are satisfied. Once it is established that the Petitioners have appropriately filed their petition in this district, it follows that this Court has the power to grant the relief sought, including issuing a nationwide injunction. *See In re Kingscroft Ins. Co.,* 150 B.R. 77 (Bankr.S.D.Fla.1992); *In re Rubin,* 160 B.R. 269 (Bankr.S.D.N.Y.1993); *In re Brierley,* 145 B.R. 151, 162 (Bankr.S.D.N.Y.1992) (all describing nationwide injunctions issued pursuant to § 304).

## D. Continuation Of The Nationwide Preliminary Injunction

■ Genstar also argues in its Motion to Dismiss that the Petitioners have failed to establish any of the factors necessary to support the entry of an injunction, under the standard four-factor test for injunctive relief: 1) probability of success on the merits; 2) irreparable harm without injunctive relief; 3) whether the irreparable harm outweighs the harm that delay would impose on other parties; and 4) consideration of the public interest. *See, e.g., Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555 (11th Cir.1989), *aff'd,* 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991).

The Court finds that the record and circumstances of this case are sufficient to establish a basis for continuing the preliminary injunctive relief, in modified form. Subject to the safeguards provided by the November 4 Order and this Order, broad preliminary relief is appropriate without evidence establishing specific grounds for injunctive relief as to each affected creditor. Besides the time constraints that limit the practicability of such an evidentiary hearing, the modification of the injunction provided in this Order may render moot the objections of several individual creditors.

## E. Modification Of Preliminary Injunction With Respect To Leased Cargo Containers And Other Leased Equipment

At the November 28, 1994 hearing, the Petitioners described a "standing offer" to all creditors that own cargo containers leased by

CAVN. Specifically, CAVN has agreed to inform each such creditor of the location of their containers and abandon CAVN's interest in them, if the creditor provides documentation identifying the containers and supporting the creditor's ownership interest. This offer was documented by letters from the Petitioners to several cargo container creditors which were introduced at the November 28 hearing as Composite Exhibit "1". To implement the Petitioners' expressed intent to abandon leased cargo containers, the preliminary injunction will be modified to provide a procedure for identification and abandonment of CAVN's interest in leased containers and other leased equipment located in the United States.

### F. Abstention With Respect To Guam Assets

■ In the November 4 Order, this Court abstained from matters involving the Cerro Bolivar ship and all litigation involving CAVN in the district of Guam. The Petitioners then filed an independent ancillary petition under § 304 in the Bankruptcy Court for the District of Guam. The primary basis for abstention was the pending sale of the vessel. That sale involved facts that were peculiarly within the knowledge of or immediately accessible to the District Court Judge in Guam. Abstention was *not* the result of any finding that this Court did not have jurisdiction to enjoin actions against assets located in Guam, nor any finding that venue would be inappropriate in the Southern District of Florida with respect to creditors who were seeking recovery against CAVN assets in Guam.

The basis for abstention with respect to the proceedings in Guam is no longer present, because the sale has been conducted and all that remains is a sum of money in the court registry in Guam. However, this Court is unwilling to retake jurisdiction without an order dismissing the § 304 petition and adversary complaint filed in the District of Guam.

This Court invites the Guam Court to dismiss the ancillary petition and adversary complaint pending before it, in order to allow all matters to be administered in one forum.

This procedure has been followed before in cases involving multiple § 304 filings. *See In re Kingscroft Ins. Co.,* 150 B.R. at 80. The Court also invites the Guam Court to direct that the funds be turned over to the registry of this Court rather than being maintained in the court registry in Guam, if it agrees that dismissal is appropriate, so that jurisdiction over the assets of CAVN can be maintained in one ancillary case.

### G. Dismissal Of Adversary Proceeding

■ No purpose is served by continuing the adversary proceeding in this district as a separate proceeding from the § 304 ancillary case. Section 304(b) expressly contemplates and provides for issuance of injunctions and turnover orders, and no adversary proceeding is required to obtain such relief under § 304. Therefore, the adversary proceeding will be dismissed without prejudice, and all allegations, arguments and objections raised in the adversary proceeding that have not been specifically asserted in the main case will be deemed incorporated into the relief requested in the main case.

### CONCLUSION

In accordance with the foregoing discussion, together with any findings announced in Court on November 28, 1994 and omitted from this written opinion, it is—

**ORDERED** as follows:

1. Genstar's Motion To Reconsider Order Entering Preliminary Injunction is **GRANTED.** The November 4 1994 Order is amended to permit any aggrieved party to argue for dissolution or amendment of the preliminary injunction at the November 28, 1994 hearing.

2. Genstar's Motion to Dismiss, Response of Triton to Order to Show Cause Why Preliminary Injunction Should Not Issue and Response of Transamerica, Cronos and Textainer to Order to Show Cause Why Preliminary Injunction Should Not Issue based upon the eligibility of CAVN for ancillary relief as a "debtor" under § 304, are **DENIED.**

3. Genstar's Motion to Dismiss the verified complaint based on improper venue pursuant to 28 U.S.C. § 1410, is **DENIED.**

4. The preliminary injunction entered pursuant to the November 4 Order is hereby modified with respect to containers or other equipment leased to CAVN and located in the United States as follows:

A. Creditors who claim an ownership interest in containers or other equipment shall provide Petitioners with documentation identifying the equipment and supporting their claim. Within seven calendar days of receiving the information from a creditor, the Petitioners shall furnish information to the creditor identifying the location of the listed containers or equipment and indicating, to the extent that the equipment or container is located in the United States, whether the equipment or container will be surrendered, subject to the rights of any third parties who may claim an interest.

B. If the Petitioners seek to maintain the injunctive relief with respect to identified containers or other leased equipment, they must file a motion requesting the continuation of that injunctive relief and attach to the motion their response and backup data, including the information provided by the creditor and the information provided by the Petitioners in response.

C. If the Petitioners do not identify the location of the containers or other leased equipment in a timely manner as required, or do not request continued injunctive relief, then without further order, the preliminary injunction is modified to allow the creditor to proceed with any litigation or to pursue any other remedies available under its agreements with CAVN solely with respect to that creditor's containers or other leased equipment.

D. This "carve-out" is not intended, absent separate order, to allow any creditors to obtain money judgments against CAVN, but is designed solely to allow, if necessary, orders to be entered facilitating the recovery of containers or other leased equipment located in the United States.

5. The injunction maintained by this Order extends only to actions brought in and assets located in the United States and does not stop parties from proceeding against CAVN outside of the United States with respect to assets located outside of the United States.

6. Parties other than container and equipment lessors must seek relief from the injunction by filing a motion for relief. Once such a motion is filed, the burden will shift to the Petitioners to establish a basis for continuing the injunction. In all other respects, the mechanism for relief will remain as stated in the November 4 Order, including the opportunity to seek modification of the injunction without a hearing in the event of a verified emergency creating a risk of irreparable harm.

7. The preliminary injunction is further modified and conditioned upon the Petitioners not removing, pledging, mortgaging or otherwise encumbering any CAVN assets in the United States, without further Court order.

8. The request by the Petitioners for the appointment of a co-trustee, contained in their memorandum of law in support of their petition, is **DENIED** without prejudice.

9. Petitioners' ore tenus motion to borrow up to $10,000.00 to help maintain the CAVN office building located at 3350 N.W. 77th Court, Miami, Dade County, Florida and to pledge assets located in the United States to secure such a loan is **DENIED** without prejudice.

10. The adversary proceeding filed by the Petitioners (Adv.Pro. No. 94–1067–BKC–RAM–A) is **DISMISSED** without prejudice, and all allegations, arguments and objections raised in the adversary proceeding that have not been specifically asserted in the main case are deemed to be incorporated into the relief requested in the main case.

11. The Court will enter a pretrial order on the ancillary petition that will set a pretrial conference for Thursday, February 2, 1995, and a trial on the merits of the ancillary petition during the week beginning February 13, 1995.

12. The Clerk is directed to docket this Order in both the ancillary case and the adversary proceeding.

**DONE AND ORDERED.**