**PITTSBURGH JAYCEES; Pittsburgh Pilot Program, Inc.; Mary Ann Paul, Geraldine Stash, Kathleen McGrogan, Frederic D. Barnes; Robert Dickson Jr., Dorsey L. Reese, Jr., Plaintiffs,**

v.

**UNITED STATES JAYCEES, Defendant.**

**Civ. A. No. 80–912.**

United States District Court,
W. D. Pennsylvania.

Feb. 17, 1981.

See also, D.C., 89 F.R.D. 454.

---

Michael Louik, Pittsburgh, Pa., for plaintiffs.

P. Christian Hague, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, Chief Judge.

This is an action for injunctive relief to enjoin the defendant from revoking the charter of the plaintiffs due to Pittsburgh Jaycees' policy to grant full and equal membership to women. The suit was initiated in state court on June 17, 1980 and removed to this court in July.

From the very beginning, the parties began settlement negotiations and the court granted several motions to extend the time for answer pending the outcome of these negotiations. No discovery was engaged in. When the negotiations appeared to be collapsing after several months, the plaintiffs informed the defendant that it would move for a voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. The defendant then quickly filed an answer in an attempt to stop the dismissal without court approval. The motion for dismissal was filed thereafter and is currently before the court.

■ Whether or not to grant a motion for voluntary dismissal under Rule 41 after a responsive pleading has been filed is a matter within the discretion of the court. Parties are to be given the privilege of discontinuing an action without prejudice unless a dismissal would result in some legal harm to the other side. *Ferguson v. Eakle*, 492 F.2d 26 (3d Cir. 1974); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *Kolman v. Kolman*, 58 F.R.D. 632 (W.D.Pa.1973); *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D.Pa.1972).

■ While considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. A dismissal should not be granted if it causes some legal harm to the defendant. However, the harm suffered must amount to more than the mere prospect of another lawsuit. *LeCompte v. Mr. Chip, Inc.*, supra at 604, *Selas Corp. of America v. Wilshire Oil Co. of Texas*, supra, at 6.

A dismissal without prejudice necessarily creates certain practical problems for the defendant, but these can be rectified by the imposition of certain conditions to the dismissal. The types of conditions normally imposed by the court include an award of attorney's fees for work completed which cannot be used at another proceeding on the same matter, and limitations on the potential second lawsuit designed to eliminate duplicitous work.

■ This defendant requests that three conditions be imposed on the motion to dismiss to correct any harm suffered. First, they ask that an award for attorney's fees and costs be made to defendant to compensate for their time spent in litigating this suit, and, in particular, this motion for dismissal. This condition is commonly imposed and appears to be appropriate in this case.

The second condition requested by the defendant is that the court require the plaintiffs to stipulate that exclusive jurisdiction for any future proceedings between these parties involving the charter of the Pittsburgh Jaycees be brought either at the instant case number, or be refiled in this court to avoid the necessity of going through the same procedural steps in any subsequent litigation. Plaintiffs had already agreed to this condition in their earlier settlement negotiations with the defendant, and is a proper condition to eliminate duplicitous work.

■ The third requested condition, however, is not appropriate. Defendant requests that the individual named plaintiffs who have initiated a similar suit before the Pennsylvania Human Relations Commission be required to withdraw or dismiss their complaints. Defendant alleges harm if this is not imposed since they will have continued litigation expense while the plaintiffs will not, as they incur no counsel fees in an action before the Commission.

■ This last condition cannot be properly imposed by this court. The possibility of future attorney's fees to defend the Commission action is not harm which amounts to any legal prejudice to the defendant. They may have to pay these defense costs whether the federal suit is dismissed or not. Furthermore, such a condition would amount to legal harm to the plaintiffs. Although the defendant's interests are to be considered in a motion for dismissal without prejudice, conditions imposed should not be such that they create legal prejudice to the plaintiffs' right to bring or proceed in any other law suit filed in another independent court. *LeCompte v. Mr. Chip, Inc. supra.* The suit filed before the Pennsylvania Human Relations Commission is a totally separate action in a different forum over which the court has no authority.