**Curlee BOWERS, Appellant,**

v.

**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, a corporation, Appellee.**

**No. 81–1810.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 22, 1981.

Decided Dec. 29, 1981.

Certiorari Denied April 26, 1982. See 102 S.Ct. 2013.

Paul L. Pratt, P.C., by Randolph E. Schum and Philip B. Alfeld, East Alton, Ill., for Curlee Bowers, appellant.

John G. Lile, Pine Bluff, Ark., for St. Louis Southwestern Ry. Co., appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Curlee Bowers appeals from an order of the district court [1] conditioning the voluntary dismissal of his action upon the requirement that the suit, if refiled, be commenced in either the state or federal courts of Arkansas. *See* Fed.R. Civ.P. 41(a)(2). We dismiss the appeal.

 As a general rule, no appeal by the moving plaintiff will lie from an order granting a voluntary dismissal. *E.g., Management Investors v. United Mine Workers,* 610 F.2d 384, 393 (6th Cir. 1979); *Yoffe v. Keller Industries, Inc.,* 580 F.2d 126, 129 (5th Cir. 1978), *cert. denied,* 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979). *See generally 5 J. Moore Federal Practice ¶ 41.05[3]* (2d ed. 1975). In the case of conditional voluntary dismissal orders, however, an ex-

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

ception has been recognized where the plaintiff is legally prejudiced by the conditions accompanying the grant of dismissal and no acquiescence in those conditions has been evidenced on his part. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603–04 (5th Cir. 1976); *see Yoffe v. Keller Industries, Inc., supra*, 580 F.2d at 130. Even assuming this exception to the general rule to be applicable in this circuit, Bowers has failed to satisfy the two prerequisites to appealability. The condition appended to the dismissal order did not "legally prejudice" Bowers; although restricting to a certain degree his right to refile this action, it does not "severely circumscribe" his ability to actually reinitiate the suit. *Compare LeCompte v. Mr. Chip, Inc., supra*, 528 F.2d at 603–05; *Yoffe v. Keller Industries, Inc.*, 580 F.2d at 130–31. *Cf. Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir. 1964) (dismissal conditioned in part upon requirement that suit, if refiled, be refiled in same court was not "unreasonable"). Moreover, the record discloses no opposition to the condition by Bowers in the district court. *Compare Yoffe, supra*, 580 F.2d at 130; *LeCompte, supra*, 528 F.2d at 604. In these particular circumstances, we conclude that the order of dismissal is not appealable by Bowers. Accordingly, the appeal is dismissed. *See* 8th Cir.R. 12.