**BELLE–MIDWEST, INC., Appellant,**

v.

**MISSOURI PROPERTY & CASUALTY INSURANCE GUARANTEE ASSOCIATION, Appellee.**

**No. 94–3721.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1995.

Decided June 14, 1995.

Rehearing Denied July 18, 1995.

978

James C. Ochs, St. Louis, MO, argued, for appellant.

Robert William Cockerham, St. Louis, MO, argued, for appellee.

Before MAGILL and HANSEN, Circuit Judges, and STROM,* District Judge.

STROM, District Judge.

Belle–Midwest, Inc. appeals an order entered in the United States District Court[1] for the Eastern District of Missouri, Eastern Division, dismissing its claim without prejudice on the condition that plaintiff pay the defendant $12,027.69 in attorney's fees and costs before the case could be refiled. *See* Fed.R.Civ.P. 41(a)(2). We dismiss the appeal.

Generally, a moving plaintiff may not appeal from an order granting a voluntary dismissal. *Bowers v. St. Louis Southwestern Ry. Co.,* 668 F.2d 369 (8th Cir.1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). This circuit recognizes an exception, however, where the plaintiff is legally prejudiced by the conditions imposed by the district court in granting the voluntary dismissal and plaintiff has evidenced no acquiescence to those conditions. *Id.* at 370. In the present case, Belle–Midwest met the second prerequisite when it filed a motion to set aside and hold for naught the district court's order granting the voluntary dismissal. Nevertheless, Belle–Midwest cannot demonstrate that it has been "legally prejudiced" by the district court's conditions. As we stated in *Bowers,* "although restricting to a certain degree his right to refile this action, [the condition] does not 'severely circumscribe' his ability to actually reinitiate the suit." *Id.* In granting a motion for voluntary dismissal, district courts typically im-

---

* The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Stephen M. Limbaugh, United States District Judge for the Eastern District of Missouri.

pose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit. *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir.1994). In fact, this Court has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled. *Kern v. TXO Production Corp.,* 738 F.2d 968, 972 (8th Cir.1984). Such was the case here and we find that $12,027.69 was a reasonable figure. Under these circumstances, the order of dismissal is not appealable by Belle–Midwest. Accordingly, we dismiss the appeal.