**RMD CONCESSIONS, L.L.C., Plaintiff,**

v.

**WESTFIELD CORP., INC., et al., Defendants.**

**No. CIV.A. 00–497–A.**

United States District Court, E.D. Virginia, Alexandria Division.

May 15, 2000.

Alan B. Robinson, Jordan, Keys, Jessamy & Botts, L.L.P., Greenbelt, MD, for Plaintiff.

Roy Grant Decker, Jr., Stauffer, Rommel, Decker & Dulany, L.L.C., McLean, VA, Morris Kletzkin, Mark David Crawford, Friedlander, Misler, Friedlander, Sloan & Herz, Washington, D.C., for Defendants.

### MEMORANDUM OPINION

ELLIS, District Judge.

This antitrust, tortious interference with contract and defamation case arising from a lease dispute was transferred here from the United States District Court for the District of Columbia. It raises the question whether a Rule 41(a)(2) non-prejudicial dismissal may

be granted on condition that should plaintiff refile its claim, it may do so only in a Virginia state or federal court.

## I

Plaintiff RMD Concessions LLC is in the business of operating concessions at major airports, in the course of which it leased commercial space in Ronald Reagan National Airport ("Reagan National"). Defendant Metropolitan Washington Airports Authority ("MWAA") owns and operates Reagan National, and retains defendant Westfield Corporation ("Westfield") to manage the airport's commercial leases. In that capacity, Westfield was plaintiff's landlord on the Reagan National lease.

This case stems from plaintiff's claim that Westfield coerced it into leasing commercial space in the airport under unfavorable conditions, and defamed plaintiff's reputation after plaintiff's business in Reagan National failed. Specifically, plaintiff alleges that it sought to airport space to operate only a newsstand, but Westfield would lease plaintiff space only on condition that plaintiff agreed to operate an electronics store. Plaintiff claims that it lacked experience in that particular market, and did not want to open such a store. Indeed, in the course of negotiations, plaintiff determined an electronics store at the site would not be profitable, and decided to abandon the deal. Westfield, however, allegedly threatened that, should plaintiff reject the deal, Westfield would never again do business with plaintiff. Plaintiff thus signed the lease and operated an electronics store for two years, during which time the store suffered significant losses. Eventually, Westfield agreed to let plaintiff out of its lease. Thereafter, Westfield allegedly disparaged plaintiff to an official at another airport, thereby prejudicing plaintiff's prospects of obtaining a contract at that airport. Plaintiff seeks relief from Westfield for tortious interference with contract, defamation, and violation of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, and from MWAA on a theory of respondeat superior.

■ Plaintiff filed its complaint on July 14, 1999, initially in the United States District Court for the District of Columbia. Westfield and MWAA successfully moved to transfer the action to this district pursuant to 28 U.S.C. § 1404(a),[1] on the grounds that (i) the leasehold was in Virginia, (ii) the acts or omissions occurred for the most part in Virginia, although some acts may have occurred in Florida, and (iii) federal law authorizes Virginia courts to hear claims involving Reagan National.[2] Once the case was transferred to this district, plaintiff sought a voluntary dismissal pursuant to Rule 41(a)(2), Fed.R.Civ.P., on the grounds that (i) plaintiff's counsel is not licensed to practice in Virginia, and (ii) plaintiff's counsel needs time "to address this and additional concerns." Defendants oppose this motion only insofar as they seek to impose a condition that plaintiff refile this case, if at all, only in a Virginia state or federal court.[3]

## II

■ The Federal Rules of Civil Procedure provide that an action may not be dismissed once the defendant has filed its answer or has moved for summary judgment, except "upon order of the court and upon such terms and conditions as the court deems proper." Rule 41(a)(2), Fed.R.Civ.P. Voluntary dismissal under this Rule is favored, and a plaintiff's motion to dismiss pursuant to Rule 41(a)(2) "should not be denied absent substantial prejudice to the defendant." *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987) ("The

---

1. The principles governing transfer are well settled, and transfer to this district was appropriate given the many connections plaintiff's claim has to Virginia. *See Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1255–62 (E.D.Va.1988).

2. *See, e.g.*, 49 U.S.C. § 49111(c) ("Virginia shall have concurrent police power authority over the

Metropolitan Washington Airports, and the courts of Virginia may exercise jurisdiction over Ronald Reagan Washington National Airport.").

3. Of course, plaintiff may not bring its Sherman Act claim in a state court, as federal courts have exclusive jurisdiction over such claims. *See* 15 U.S.C. § 15.

purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced."). Toward that end, under Rule 41(a)(2) a district court may, in lieu of denying plaintiff's motion to dismiss, "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis*, 819 F.2d at 1273. Given this, district courts should "impose only those conditions [that] actually will alleviate harm to the defendants."[4] *American Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991).

■■■ It is established that defendants are entitled to protection from legal prejudice, and not from mere inconvenience or tactical disadvantage. *See Davis*, 819 F.2d at 1274–75.[5] One circumstance in which a defendant suffers legal prejudice is where a voluntary dismissal potentially unravels the effect of an earlier legal ruling.[6] Put another way, plaintiffs may not use Rule 41(a)(2) to avoid or undo the effect of an unfavorable order or ruling. In this case, defendants secured a court order granting their motion to transfer this case to the Eastern District

of Virginia, and successfully defended a motion to reconsider that order. Plaintiff's current motion, which is based in part on the fact that plaintiff's counsel is not licensed to practice in this district, may reasonably be construed as an effort to dismiss this case, and refile it in yet another jurisdiction. If this occurs, plaintiff will have effectively deprived defendants of the benefit of the court order that transferred the case to this district. Defendants are plainly entitled to a condition that protects them from this eventuality. A requirement that plaintiff refile this case, if at all, in a Virginia state or federal court in which jurisdiction and venue lie, thus preserves the essence of the transfer order.

Accordingly, plaintiff's request for a non-prejudicial dismissal pursuant to Rule 41(a)(2), Fed.R.Civ.P., must be granted, subject to the condition described herein. An appropriate Order has entered.

---

4. Defendants argue that a condition is appropriate if it does not cause "legal prejudice" by "severely circumscrib[ing]" the plaintiff's ability to refile the suit. *See Bowers v. St. Louis Southwestern Railway*, 668 F.2d 369, 370 (8th Cir. 1981). The standard discussed in *Bowers* is, in fact, the standard that a plaintiff must meet to overcome the general rule that "no appeal by the moving plaintiff will lie from an order granting voluntary dismissal." *Id.* at 369. In that context, analysis focuses on the legal prejudice suffered by the plaintiff from the condition imposed, and not the prejudice suffered by the defendant from the plaintiff's voluntary dismissal. *See id.* at 369. The present inquiry, however, must be guided by consideration of the prejudice suffered by defendant. *See Davis*, 819 F.2d at 1273 ("In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.").

5. Thus, prejudice does not arise from "the prospect of a second lawsuit," the plaintiff's "tactical advantage over the defendant in future litigation," or "the mere prospect of the transfer of litigation to state court." *Id.* Accordingly, a defendant typically suffers no legal prejudice from the inconvenience of proceeding in a new forum or different state, absent extenuating circumstances. *Compare Render v. Consolidated Rail Co.*, 1984 WL 950 (N.D.Ill. Sept. 10, 1984) (finding that defendant was not entitled to condi-

tion that case be filed in Indiana courts, as "plaintiff is entitled to dismiss this suit and to refile in the state court of his choice"), *with Pittsburgh Jaycees*, 89 F.R.D. 166, 168 (W.D.Pa. 1981) (plaintiffs were required as a condition of voluntary dismissal to refile the suit, if at all, in the same court, after litigation had proceeded in that court for a significant time, to "eliminate duplicitous work"), *and Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 699 (6th Cir.1964) (finding that, where plaintiff sought voluntary dismissal on the morning of trial, and after many continuances, condition that plaintiff refile the case, if at all, in the same court was not "unreasonable").

6. *See* 8 Moore's Federal Practice § 41.40[7][b] (3d ed.1999) ("A dismissal to avoid the effect of ... unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice."). Thus, the Eleventh Circuit concluded that a plaintiff could not voluntarily dismiss a case once it had been remanded by the Court of Appeals for further proceedings, as to do so would deprive the defendant of the benefit of that order. *See Druid Hills Civic Ass'n v. Federal Highway Administration*, 833 F.2d 1545, 1549–50 (11th Cir.1987). Similarly, a district court in the Northern District of Illinois concluded that plaintiffs could not avail themselves of a voluntary dismissal to escape the effect of unfavorable discovery rulings. *See Webb v. Altec Indus.*, 1994 WL 162815, at *2 (N.D.Ill. April 25, 1994).