**Michael RUTH, Plaintiff,**

v.

**The PURDUE PHARMA CO.,
et al., Defendants.**

**No. 04 Civ. 2101(GEL).**

United States District Court,
S.D. New York.

Nov. 5, 2004.

Paul J. Hanly, Jr., New York City, Jane Conroy, Hanly Conroy Bierstein & Sheridan LLP, New York City, SimmonsCooper LLC, East Alton, IL, of counsel, for Plaintiff.

Daniel I. Strauber, New York City, Thomas E. Butler, Matthew I. Kliegman, Chadbourne & Parke LLP, New York City, of counsel, for Defendants.

**OPINION AND ORDER**

LYNCH, District Judge.

Plaintiff filed this personal injury action seeking damages for addiction and other disorders allegedly resulting from consumption of the prescription drug OxyContin. Jurisdiction is predicated on diversity of citizenship. After an answer had been filed, plaintiff moved to dismiss his action without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). Defendants oppose the motion, at least to the extent of urging that the Court exercise its discretion under that rule to dismiss "upon such terms and conditions as the court deems proper." Specifically, the defendants request that upon dismissal the Court impose a condition requiring that plaintiff refile his action—if he chooses to refile it at all—only in a federal court. Plaintiff's motion will be granted, and the case dismissed without prejudice and without further conditions.

■ Absent a stipulation joined by all parties, Fed.R.Civ.P. 41(a)(1)(ii), a federal action may be voluntary dismissed by plaintiff after an answer has been filed only "upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). Such dismissals are ordinarily without prejudice, *id.*, but a dismissal without prejudice "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice that the defendant may otherwise suffer from the plaintiff dismissing his complaint without prejudice." *Woodzicka v. Artifex Ltd.*, 25 F.Supp.2d 930, 934 (E.D.Wis.1998). Reasonable conditions limiting where a case may be refiled have been upheld on appeal as within that discretion. *Bowers v. St. Louis Southwestern Ry. Co.*, 668 F.2d 369, 370 (8th Cir.1981); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir.1964).

Defendants argue that plaintiff's counsel has engaged in "demonstrated gamesmanship with respect to forum selection in this and other cases." (D.Mem. 2–3.) It is indisputable that some process of forum-shopping is involved here. Plaintiff himself points out that his attorneys represent more than 4,000 plaintiffs with OxyContin-related claims, which apparently have been or will be filed in various federal and state courts around the country. (P.Mem. 2.) Plaintiff proudly acknowledges that his counsel are "exercis[ing] their professional judgment to bring cases in appropriate fora deemed most likely to advance their clients' interests." (P. Reply Mem. 2.) Indeed, it is clear that just as plaintiffs have done what they can to bring cases in sympathetic fora, defendants have reciprocated, removing cases from state court or seeking to transfer venue, when they believe that such is in their interests. (*Id.*) That, plaintiff contends, is simply how the game is played.

■ Plaintiff is correct that "our legal system has traditionally deferred to the plaintiff's choice of forum," *Gross v. British Broadcasting Corporation*, 386 F.3d 224, 230 (2d Cir.2004), and that choice is often, and properly, dictated by tactical considerations. At the same time, the Court is sympathetic to defendants' position that the maneuvering here is perplexing, as it is hardly clear why this case was ever brought in this district. The filing and withdrawing of claims for mysterious tactical reasons smacks of harassment, imposes additional costs on defendants, and raises suspicions of narrow-gauge judge shopping. For example, defendants speculate that the filing of some cases in this district was an effort to have the cases assigned to Judge Sidney H. Stein, who had issued a ruling adverse to defendants in a case that in fact had little to do with this plaintiff's claims, and that the cases are now being withdrawn because Judge Stein declined to accept the cases as related. Plaintiffs are entitled to select a forum they perceive as favorable, but they are not entitled to engage in exploratory filings to test the waters, force defendants to incur expense, and then reappear to try again at another location.

Nevertheless, despite the questionable nature of plaintiff's maneuvers, and despite the risk that by frivolously flip-flopping about his choice of forum plaintiff has imposed useless expense on defendants, the Court declines to order the remedy proposed by defendants, for three reasons. First, the claim that plaintiff's short stint in this district was inappropriate and abusive is entirely speculative, and defendants provide no actual evidence in its support. Six Oxycontin cases have been filed here; only three have apparently been attempted to be withdrawn.

Second, defendants' assertion that plaintiff is engaged in a nationwide pattern of abuse is impossible to evaluate in the context of a single case. The evidence indicates that both sides in this legal battle are engaged in efforts to locate particular cases in what are perceived to be favorable fora. There is no reason to believe that attaching conditions to the dismissal of this particular plaintiff's lawsuit in this district will have a significant or desirable impact on the skirmish over appropriate fora being waged in thousands of cases across the country.

Third, the particular remedy sought by defendants appears arbitrary. Defendants agree to the dismissal of this case. Defendants do not argue that the plaintiff should be confined to this forum, which they agree does not appear ideal for this case. (D.Mem.

5.) The Court is unable to discern any logical reason why the proper remedy for any abuse plaintiff may be guilty of is to confine him to a federal forum rather than to a state court. Defendants seem to rely on the rationale that doing *something* perceived as disadvantageous to plaintiff will deter him and others from gamesmanship. But the federal courts are not to be used as a penal colony for disbehaving litigants. Defendants suggest no logical reason to believe that any federal court in the country is more suitable forum for this litigation than any state court. If plaintiff is permitted to withdraw his case without prejudice to a refiling at another time and place, as defendants agree he should be permitted to do, there is no particular reason to limit his choice of forum in the manner defendants prefer for their own tactical reasons.

No doubt at some point, enough of these maneuvers will have occurred that some court will be able to detect a pattern, articulate a rationale for selecting appropriate default fora, and attach logically-conceived conditions to some future dismissal, carefully tailored to advance the interests of justice, and not the tactical advantages of one side or the other. No such pattern has yet emerged.[1] Defendants have not persuaded this Court that attaching venue limitations on a future refiling to the dismissal of this particular plaintiff's case, out of all the thousands of similar cases being filed, withdrawn, removed, or transferred around the country, will serve the interests of justice.

1. Nor has a clear pattern emerged to judicial decisions on motions of this sort in OxyContin cases, although it is noteworthy that neither court attached the precise condition defendants argue for here. The parties have brought two unreported cases to the Court's attention. The court in *In re OxyContin*, C.A. No. 3:02–8000–22 (D.S.C. Oct. 28, 2003), stated its intention to impose a number of conditions on any voluntary dismissal, including a requirement that future actions brought by plaintiffs be filed in the *same* federal district court. *Id.* at 6–7. But in that case, the court's thoughtful opinion specifically identified its conditions as based primarily on the advanced stage of the proceedings (including the pendency of summary judgment motions), and the importance of preserving the benefits achieved by defendants in numerous prior rulings of the court. *Id.* at 4–5. Neither factor is present here, where dismissal is sought essentially before any litigation activity has occurred. In

Accordingly, plaintiff's motion is granted, and this action is hereby dismissed without prejudice and without further conditions pursuant to Fed.R.Civ.P. 41(a)(2).

SO ORDERED.

a more comparable case in this Court, Judge Griesa dismissed without prejudice and without conditions. *Murphy v. The Purdue Pharma Co.*, 04 Civ. 2099 (S.D.N.Y. Sept. 21, 2004). Although that decision was not accompanied by opinion, the parties agree that the order was entered after Judge Griesa engaged in a characteristically thorough oral argument in which the same counsel as in this case presented essentially the same arguments they present here. (P. Mem. 3–4; D. Mem. 9 n. 10.) While these cases are reconcilable on the sensible theory that dismissal on conditions is more appropriate the longer the case has been pending and the greater the expense and effort the parties had invested in the case, the holdings are too sparse to infer any consensus among courts, other than that conscientious district judges have decided the cases before them based on the unique circumstances of each case.