**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BARBARA EMMITT,

        Plaintiff-Appellant,

v.

PATRICIA ANN DICKEY; R.I.G.
TRANSPORTATION; FIRST
FINANCIAL INSURANCE
COMPANY; DONALD DICKEY,

        Defendants-Appellees.

No. 05-6059
(D.C. No. CIV-04-1180-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

      Barbara Emmitt appeals the district court's decision to set aside defaults

entered against defendants Patricia Ann Dickey and R.I.G. Transportation before

granting Ms. Emmitt's motion to voluntarily dismiss her case. Because

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Ms. Emmitt's case was voluntarily dismissed without prejudice, we do not have jurisdiction over this appeal. Therefore, we DISMISS the appeal.

I

Ms. Emmitt filed an action in Oklahoma state court against Ms. Dickey, R.I.G., and Fleet Insurance Company alleging Ms. Dickey and R.I.G. were negligent in the operation of a tractor-trailer, causing Ms. Emmitt to be injured. Neither Ms. Dickey nor R.I.G. answered the complaint or entered an appearance, so the state court entered a "Journal Entry of Judgment" against them, with damages to be set later. After the court held a damages hearing, it entered another "Journal Entry of Judgment" against Ms. Dickey and R.I.G. in the amount of one million dollars.

Soon thereafter, Ms. Emmitt stipulated to dismissing her claims against Fleet without prejudice and filed an amended complaint naming Ms. Dickey, R.I.G., Ms. Dickey's husband, Donald Dickey, and defendants' insurer, First Financial Insurance Company, as defendants. First Financial removed the case to federal court. R.I.G. and Ms. Dickey appeared and, asserting they had not actually been notified of the state court proceeding, they moved to vacate the state court's order entering judgment against them. First Financial joined in that motion. Ms. Emmitt responded and moved, under Fed. R. Civ. P. 41(a)(2), to voluntarily dismiss her case without prejudice.

The district court determined the state court's order was more akin to an entry of default under Fed. R. Civ. P. 55(a), rather than a default judgment under Fed. R. Civ. P. 55(b). Applying the standards appropriate to setting aside an entry of default, it set aside the defaults against Ms. Dickey and R.I.G. It then granted Ms. Emmitt's Rule 41(a)(2) motion and dismissed the action without prejudice.

Ms. Emmitt filed a Rule 59 motion to reconsider and alter the judgment in which she argued the defaults should not be vacated. She did not indicate that her motion to dismiss was conditional on not granting defendants' motion, seek to withdraw her motion to dismiss, or otherwise contend the district court's decision to set aside the defaults affected her decision to dismiss the case. The district court denied the Rule 59 motion.

Ms. Emmitt appealed, objecting to the district court's decision to set aside the defaults. Noting a potential jurisdictional issue, we requested supplemental briefing on whether this court has jurisdiction to hear Ms. Emmitt's appeal. The parties have filed their supplemental briefs, and the appeal is ready for decision.

II

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "[T]his court must always satisfy itself of jurisdiction before

-3-

addressing the merits of a claim . . . ." *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002). Under 28 U.S.C. § 1291, we have jurisdiction to review "final decisions" of the district courts.

Here, our concern with jurisdiction arises from the nature of the district court's disposition of this case—a voluntary dismissal without prejudice. Usually a plaintiff cannot appeal the voluntary dismissal of her action without prejudice, because such appeals "raise issues of non-aggrievement and non-finality that generally bar appellate jurisdiction." *Brown v. Baeke*, 413 F.3d 1121, 1124 n.3 (10th Cir. 2005); *see also Bryan v. Office of Pers. Mgmt.*, 165 F.3d 1315, 1321 (10th Cir. 1999); *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979) (per curiam).

There are exceptions to the general rule. *See Bryan*, 165 F.3d at 1321 n.7. In this case, the most pertinent is the "conditional dismissal" exception. *See id.* (noting an exception "where the court imposes terms as a condition of permitting dismissal"). Apparently relying on the conditional dismissal exception, Ms. Emmitt argues that, in vacating the defaults before granting her motion, the district court's order added objectionable terms to the dismissal she requested. Notably, however, she did not make these types of arguments to the district court in her Rule 59 motion, and she did not seek to withdraw her motion to dismiss on the basis of objectionable conditions.

To confer jurisdiction over the appeal, a conditional dismissal must result in "legal prejudice" to the plaintiff. *See, e.g., Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (per curiam); *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978 (8th Cir. 1995). It does not appear that this court has yet considered "legal prejudice" from a plaintiff's view, but in *County of Santa Fe v. Public Service Co. of New Mexico*, we held that a Rule 41(a)(2) dismissal that had the effect of foreclosing other parties' claims was a "clear example of 'legal prejudice.'" 311 F.3d 1031, 1048 (10th Cir. 2002). This holding is in accord with other circuit courts' decisions that, to show "legal prejudice" warranting appeal of a Rule 41(a)(2) dismissal without prejudice, a plaintiff must show the condition actually impairs his or her ability to bring another suit. *See Ortega Trujillo v. Banco Central del Ecuador*, 379 F.3d 1298, 1302 (11th Cir. 2004) (per curiam) (finding no legal prejudice in a condition requiring payment of defendant's costs and attorney's fees); *Belle-Midwest*, 56 F.3d at 978 (same); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 556 (9th Cir. 1986), *abrogated by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990) (en banc) (same); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603-04 (5th Cir. 1976) (finding legal prejudice where district court required plaintiff to secure court's permission to re-file his action, so his ability to re-file became uncertain).

Here, even assuming that the district court's decision to dismiss was conditioned on granting defendants' motion, the setting aside of the defaults does not appear severe enough to constitute "legal prejudice" to Ms. Emmitt. Rather than impairing her ability to bring another suit, the ruling places the parties in the positions they were in before the filing of the first complaint. That is the common situation when a party voluntarily dismisses a complaint without prejudice. *See LeCompte*, 528 F.2d at 603 ("The effect of this type of dismissal is to put the plaintiff in a legal position as if he had never brought the first suit.").

We also are concerned Ms. Emmitt essentially is seeking review of an interlocutory, unappealable order. Orders setting aside entries of default or vacating default judgments ordinarily are not final or appealable until after the conclusion of the proceedings. *See Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9th Cir. 2000) (default judgments); *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986) (entries of default).[1] In the multiple-claim context, this court has disapproved of dismissing some claims without prejudice in order to appeal the disposition of other claims. *See Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (per curiam); *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992). Ms. Emmitt appears to be trying to

---

[1]     The district court concluded the state orders at issue here should be characterized as entries of default rather than default judgments. Given our lack of jurisdiction over this appeal, we have not reviewed the merits of that decision.

accomplish the same end in this appeal; she dismissed her action without prejudice and proceeded to appeal the interlocutory decision to which she objects. A party cannot so manufacture appellate jurisdiction. *Cf. Heimann*, 133 F.3d at 769; *Cook*, 974 F.2d at 148.

This appeal is DISMISSED for lack of jurisdiction.[2]

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2] We note this court has held that "[a]lthough a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). If "plaintiff has been effectively excluded from federal court under the present circumstances," this court has jurisdiction to hear the appeal. *Id.* Further, "[i]f it is clear that the plaintiff may not start over again with a properly drawn complaint, because of limitations problems or otherwise, the action is treated as final and the order is appealable." *Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979). It does not appear, however, that this line of authority is applicable to this case; the parties do not refer to this authority or argue that Ms. Emmitt is excluded from re-filing in federal court because of applicable statutes of limitations or for any other reason.